## In re Juvenile Appeal (84-4)*
## (2136)
## (2162)

Testo, Hull and Borden, Js.

Argued January 12—decision released May 8, 1984

*Seymour N. Weinstein,* for the appellant (juvenile).

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Diane J. Getzler,* for the appellant (mother of the juvenile).

*Joanne Goldberg,* court advocate, with whom, on the brief, was *Francis J. Carino,* for the appellee (state).

TESTO, J. After a trial, the respondent juvenile[1] was adjudicated delinquent having been found guilty of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3), larceny in the second degree in violation of General Statutes § 53a-123 (a) (3) and carrying a dangerous instrument in violation of General Statutes § 53-206. From that judgment, the juvenile and his mother have appealed.[2]

From the evidence presented the court could have reasonably found the following: On December 7, 1982, the victim was raking leaves on the lot of a medical building next to the driveway of Stamford High School when he saw the respondent pass a knife to an accomplice in the school driveway. Both boys then approached the victim. The accomplice held the knife to the victim's throat while the respondent took the victim's radio, which was on a basket near the victim, and handed it to the accomplice. As soon as the boys departed, the victim called the police. The police arrived shortly thereafter and proceeded to take the victim as well as another person, who had witnessed the incident, to a nearby parking lot. In the lot, the victim saw and identified the respondent as the person who had taken the radio.

After a hearing, the court concluded that the respondent was guilty of the crimes charged and he was adju-

---

[1] On June 21, 1983, the mother of the juvenile moved to consolidate her appeal (2162) from the judgment of the court on April 22, 1983, with the appeal of her son (2136) on the ground that both appeals involve common questions of law and fact. The motion was granted on June 22, 1983.

[2] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June 1983, No. 83-29 § 3 (c).

dicated delinquent. The respondent and his mother claim as error (1) that the court erred in concluding that all of the elements of larceny in the second degree under General Statutes § 53a-123 (a) (3)[3] and robbery in the first degree under General Statutes § 53a-134 (a) (3)[4] were proven beyond a reasonable doubt; and (2) that the court erred in concluding that there was sufficient evidence presented to prove that the knife carried was a dangerous instrument under General Statutes § 53-206.

Their arguments regarding both the robbery and the larceny charges have the same basis. They argue that larceny in the second degree requires a trespass to the victim's person in the taking of the victim's property and since the radio was not on the victim's person, there was no such trespass. Without the trespass to the victim's person, they maintain, larceny in the second degree could not have been committed; furthermore, robbery in the first degree can only be committed in the course of committing a larceny. Thus, they argue, since the larceny charge is not supported by the evidence, neither is the robbery charge.

---

[3] General Statutes § 53a-123 states in relevant part: "(a) A person is guilty of larceny in the second degree when he commits larceny as defined in section 53a-119 and . . . (3) the property, regardless of its nature or value, is taken from the person of another . . . ." Larceny is defined in General Statutes § 53a-119 which states: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner."

[4] General Statutes § 53a-134 states in relevant part: "(a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . ." Robbery is defined in General Statutes § 53a-133 which states: "A person commits robbery when in the course of committing larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of . . . (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

"There is a divergence of authority on the subject of what constitutes a taking from the person. . . . In [the] view [of our Supreme Court], larceny from the person *requires an actual trespass to the person of the victim.* Because of the trespass to the person, the offense is a serious crime in itself so that the value of the property stolen does not enter into the magnitude of the crime. On the other hand, the removal of property from the presence or control of the victim lacks such a trespass and is insufficient to constitute larceny from the person. . . . [L]arceny from the person is a separate and distinct offense from that of simple larceny." (Emphasis added.) *State* v. *Crowe,* 174 Conn. 129, 134, 384 A.2d 340 (1977). The court erred in concluding that taking the radio from near the victim's person constituted larceny in the second degree.

We further conclude that the elements necessary to support a conviction of robbery in the first degree were proven beyond a reasonable doubt. A robbery occurs when the accused uses or threatens the immediate use of physical force for the purpose of committing a larceny. General Statutes § 53a-133; *State* v. *Kurvin,* 186 Conn. 555, 557, 442 A.2d 1327 (1982). Proof of simple larceny requires proof of a taking of property with the intent to deprive the owner of possession permanently. See General Statutes § 53a-119; *State* v. *Kurvin,* supra; *State* v. *Raffone,* 161 Conn. 117, 127–28, 285 A.2d 323 (1971). "An 'owner' means any person who has a right to possession superior to that of a taker, obtainer or withholder." General Statutes § 53a-118 (a) (5). The evidence adduced proved that the respondent acting in concert with an accomplice wrongfully took the radio from on top of a basket near the victim by threatening him with the use of force and that they intended to deprive the victim of his radio permanently. The victim as the owner had a right of possession to the radio superior to that of the respondent wherever

the radio might have been. Thus, the respondent committed a robbery. Robbery in the first degree, however, occurs when one who commits robbery uses or threatens the use of a dangerous instrument in the commission of a larceny. General Statutes § 53a-134 (a) (3); see *State* v. *Kurvin,* supra, 566. Since the respondent and his accomplice used or threatened to use a knife against the victim while taking his radio, the court did not err in concluding that they were responsible for committing robbery in the first degree.

As to the charge of carrying a dangerous instrument, General Statutes § 53-206 defines a dangerous instrument as, inter alia, "any knife the edged portion of the blade of which is four inches or over in length . . . ." A fair reading of the transcript indicates that sufficient evidence was presented regarding the length of the blade. The blade of the knife was described by the victim as approximately four inches or so and was estimated as being that long by the respondent. We hold that the trial court did not err in determining that the respondent was guilty of a violation of § 53-206.

There is error in part, the judgment is set aside and the case is remanded with direction to enter a finding of not guilty to the charge of larceny in the second degree and for further dispositional proceedings on the basis of the remaining charges.

In this opinion the other judges concurred.