### STATE OF CONNECTICUT *v.* LAWRENCE HART
### (11530)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued December 11, 1985—decision released January 28, 1986

*Richard N. Palmer,* with whom, on the brief, was *Robert N. Chatigny,* for the appellant (defendant).

*Steven H. Levy,* special assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Mary Galvin* and *John M. Massameno,* assistant state's attorneys, for the appellee (state).

SHEA, J. The defendant, Lawrence Hart, was charged with the crimes of assault in the second degree,

in violation of General Statutes § 53a-60 (a) (2),[1] and assault in the second degree with a firearm, in violation of General Statutes § 53a-60a (a).[2] On a trial to the jury, the defendant was found guilty of assault in the second degree with a firearm and was sentenced to a term of not less than two years nor more than four years in the custody of the commissioner of correction. From this judgment the defendant appeals, claiming (1) that the state failed to prove him guilty beyond a reasonable doubt, and (2) that the trial court erred in not charging the jury on the law relating to the failure of a party to produce certain witnesses. We find no error.

From the evidence adduced at trial the jury could reasonably have found the following facts: Shortly before midnight on June 13, 1980, the victim, Louis Hall, arrived at the Bama Lounge in New Haven. He parked his car in front of the lounge and told his wife and daughter to wait for him while he attempted to purchase narcotics inside. Soon after he entered the lounge, a few of his "associates" informed him that a man known as "Sticks" was "gunning" for him. They

---

[1] "[General Statutes] Sec. 53a-60. ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person; or (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument. . . ."

[2] "[General Statutes] Sec. 53a-60a. ASSAULT IN THE SECOND DEGREE WITH A FIREARM: CLASS D FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of assault in the second degree with a firearm when he commits assault in the second degree as provided in section 53a-60, and in the commission of such offense he uses or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, machine gun, shotgun, rifle or other firearm. No person shall be found guilty of assault in the second degree and assault in the second degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

told him that "Sticks" had accused the victim of having robbed him two weeks earlier. The defendant, known as "Sticks," then entered the lounge. Hall then confronted him concerning the allegations. The defendant requested that they go outside. Just outside the building, the defendant drew a revolver from inside his jacket and shot the victim.

## I

The defendant's first claim of error is that the evidence presented at trial was insufficient to support the jury's verdict of guilty of assault in the second degree with a firearm. At the close of the state's case, the defendant properly raised this claim by a motion for judgment of acquittal. The gravamen of the defendant's claim is that the uncorroborated testimony of the victim was not adequate, as a matter of law, to support the jury's verdict of guilty beyond a reasonable doubt. We disagree.

In reviewing a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Johnson* v. *Louisiana,* 406 U.S. [356, 362, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972)]." (Emphasis in original.) *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983), quoting *Jackson* v. *Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560, reh. denied, 444 U.S. 890, 100 S. Ct. 195, 62 L. Ed. 2d 126 (1979); see *State* v. *Amarillo,* 198 Conn. 285, 289, 503 A.2d 146 (1986); *State* v. *Morrill,* 197 Conn. 507, 512, 498 A.2d 76 (1985); *State* v. *Rutan,* 194 Conn. 438, 444, 479 A.2d 1209 (1984); *State* v. *Martin,* 189 Conn. 1, 9, 454 A.2d 256 (1983).

The defendant points to a number of factors that so detracted from the victim's credibility, that, in the

absence of additional corroborative evidence, his testimony could not have supported the jury's verdict: The victim testified that he had been convicted of five separate felonies and had been a frequent heroin user. He further testified that he had been arrested on an unrelated larceny charge the day before the shooting and had been released on bond only hours before the incident. Despite claiming to have known the defendant all his life, the victim was unable to provide the investigating officers with his surname. Finally, the victim admitted that he would have refused to testify had the defendant given him $300 to cover his medical expenses. The defendant argues that in light of these factors the trial court should have granted his motion for acquittal because the testimony was not supported by other evidence. In this regard the defendant adverts to medical testimony that the superficial wound on the victim could have been caused by something other than a bullet. He also relies upon the state's failure to introduce any bullet fired by the defendant or the testimony of any of the "30–40" eyewitnesses to the incident who were present at the lounge.

The defendant misperceives the scope of our factual inquiry on appeal. "This court does not retry the case or evaluate the credibility of the witnesses." *State* v. *Amarillo,* supra. "The credibility of witnesses is a matter to be resolved solely by the jury." *State* v. *Myers,* 193 Conn. 457, 473, 479 A.2d 199 (1984); *State* v. *White,* 155 Conn. 122, 123–24, 230 A.2d 18 (1967). "This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." *State* v. *Stankowski,* 184 Conn. 121, 127, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981).

The victim's testimony, if believed by the jury, was sufficient to establish that the defendant assaulted him with a firearm. Because the jury presumably found the

victim's testimony to be credible, there was no need for corroborative evidence. The fact that other witnesses or corroborative physical evidence possibly could have been produced by the state to support the victim's testimony does not in any way diminish the validity of the jury's verdict. *State* v. *Brown,* 198 Conn. 348, 353, 503 A.2d 566 (1986). The evidence, viewed in a light most favorable to sustaining the verdict, allowed the jury reasonably to conclude, beyond a reasonable doubt, that the defendant assaulted the victim.

## II

The defendant also claims that he was entitled to a jury instruction that an unfavorable inference could be drawn against the state for its failure to call the victim's wife as a witness. We disagree.

"The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause." *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 A. 461 (1928). "There are two requirements for the operation of the rule: The witness must be available, and he must be a witness whom the party would naturally produce." *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960); see *D'Amico* v. *Manson,* 193 Conn. 144, 153, 476 A.2d 543 (1984); *Doran* v. *Wolk,* 170 Conn. 226, 230, 365 A.2d 1190 (1976). "To have the jury charged on the rule, the party claiming the benefit of it must show that he is entitled to it. *State* v. *Carrione,* 188 Conn. 681, 688, 453 A.2d 1137 (1982), cert. denied, 460 U.S. 1084, 103 S. Ct. 1775, 76 L. Ed. 2d 347 (1983)." *State* v. *Amarillo,* supra, 307.

The defendant has not met his burden of demonstrating that Hall's wife was available. There was no testimony that the victim and his wife were still married

at the time of the trial. Although the defendant had ample opportunity at trial to establish the availability of the victim's wife, he failed to do so. We decline to infer her availability from the victim's passing reference to his wife during his testimony.

Additionally, the defendant has failed to establish that Hall's wife was a person whom the state would naturally have produced. "An inference is not raised by the bare fact that a particular person is not produced as a witness, but only when it would be natural for him to be produced if the facts known by him had been favorable." *State* v. *Brown,* 169 Conn 692, 705, 364 A.2d 186 (1975). "A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." *Secondino* v. *New Haven Gas Co.,* supra.

There has been no showing by the defendant that the victim's wife witnessed the shooting. To support the contention that she did witness the incident, the defendant relies on the victim's statement: "My daughter was in the car. . . . *She* had seen the whole incident. My wife. You know everything just out of focus." (Emphasis added.) This ambiguous statement does not establish that the victim's wife witnessed the shooting. It merely places her in the car outside the lounge. There was no other evidence introduced at trial to establish that she witnessed the shooting. Because she was not shown to have been an eyewitness, she would not have been a person the state would naturally have produced as one possessing superior or peculiar knowledge material to the case. Accordingly, the trial court did not err in refusing to instruct the jury on the *Secondino* rule.

There is no error.

In this opinion the other judges concurred.