STATE OF CONNECTICUT *v.* DEXTER HOWARD
(5488)

BORDEN, SPALLONE and O'CONNELL, Js.

Argued October 13—decision released November 24, 1987

*David F. Egan,* for the appellant (defendant).

*Geoffrey Marion,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark,* assistant state's attorney, and *Michael Dearington,* state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134, assault in the first degree in violation of General Statutes § 53a-61 (a) (1), and assault in the third degree in violation of General Statutes § 53a-59 (a) (1). The sole issue on appeal is whether the trial court erred in instructing the jury, under the authority of *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960), that it could draw an adverse inference from the defendant's failure to call his sister as a witness on his behalf. We find no error.

The jury could reasonably have found the following facts: On January 12, 1986, John Caramavros, the owner of the Town Pizza restaurant in Ansonia, was present in his restaurant with his wife, Alexandria Caramavros. At approximately 10:30 p.m., the defendant entered the restaurant. He struck John Caramavros in the face and ribs. He also beat Alexandria Caramavros severely about the face. While this was occurring, an unidentified accomplice entered the restaurant and took $120 from the cash register.

The defendant testified on direct examination that he had been in a nightclub at the time of the robbery. He further testified that when he returned home at approximately 12:30 a.m., his sister, Tracey Howard, told him that the restaurant, which was located near their apartment, had been robbed. According to the defendant's testimony, he then asked Howard if the perpetrators had been caught and stated to her that

the police would probably catch them soon. On cross-examination, the defendant testified that, at the time of this conversation with Howard he lived with her in her apartment in Ansonia, and that she still lived at that address. The defendant did not attempt to produce Howard as a witness on his behalf.

The court granted the state's request that it give a *Secondino* charge to the jury regarding Howard.[1] The defendant properly excepted to the instruction. The defendant claims that a *Secondino* charge was improper because the state had not shown that Howard was in fact available. We disagree.

" 'There are two requirements for the operation of the *[Secondino]* rule: The witness must be available, and he must be a witness whom the party would naturally produce.' *Secondino* v. *New Haven Gas Co.,* supra; see *State* v. *Roma,* 199 Conn. 110, 120, 505 A.2d 717 (1986); *State* v. *Hart,* 198 Conn. 424, 428, 503 A.2d 588 (1986)." *State* v. *Shashaty,* 205 Conn. 39, 43, 529 A.2d 1308 (1987).[2] "In deciding whether the state satisfied the first requirement of the *Secondino* rule we must determine whether there was sufficient evidence to sup-

---

[1] The challenged instruction was as follows: "Now it's necessary that I comment about a concept in our law dealing with a party's failure to call a witness, who is within his power to produce, and would naturally have been produced by him, permits the inference that the [testimony] of the witness would have been unfavorable to the party's case. In this case, it's my recollection the accused testified that he arrived home at 51 Fourth Street around 12:30 a.m. on the morning after the occurrence of this robbery, and was told by his sister of the robbery. He asked her if the person was caught. He testified that his sister still lives at that address. She was not called as a witness by the accused. For this rule to apply, the witness must be available, and be a person the party would naturally produce. If you find that both these requirements have been met, then you are permitted to draw the inference that the testimony of Tracey Howard would be unfavorable to the accused."

[2] The defendant does not argue that the state failed to meet the second prerequisite of a valid *Secondino* charge, namely, that Howard was a witness whom the defendant would naturally have produced to testify.

port a finding by the jury that the missing witness was available to the defendant." *State* v. *Daniels,* 180 Conn. 101, 110, 429 A.2d 813 (1980). If the evidence was sufficient to support that finding, the court's charge was properly given. Id.

The facts available to the court regarding Howard's availability were sufficient to warrant the *Secondino* charge to the jury. The defendant had testified that Howard was still living at the same apartment in Ansonia. Furthermore, the defendant's counsel acknowledged in argument to the trial court that "we can have a subpoena served on her . . . served on her residence . . . probably within an hour."

The defendant's argument that Howard was not available is based on the difficulty which the *state* had in trying to produce her as a witness. The record discloses that Howard had given the police a sworn statement implicating the defendant based on inculpatory remarks he had made to her. The record further discloses that the state had served her with a subpoena two weeks earlier, that she had been seen in the area since then, that she had not responded to the subpoena, and that she seemed to be avoiding the police so she would not have have to testify. Despite determined efforts, the state was unable to produce her as a witness.

The unavailability of a witness to the state does not, however, preclude a finding that the witness was available to the defendant, and does not preclude a *Secondino* charge adverse to the defendant. *State* v. *Vilalastra,* 9 Conn. App. 667, 676, 521 A.2d 170 (1987) (where witness unavailable to state, but available to defendant, *Secondino* charge against defendant authorized). Under the facts of this case, the defendant cannot ride the coattails of the state's lack of success in securing Howard's testimony against him. There is

no reason to think that Howard's unavailability to the state carried over to the defendant. The fact that she might not want to testify for the state against her brother does not require a conclusion that she would not respond to her brother's request to give evidence favorable to him.

There is no error.

In this opinion the other judges concurred.