STATE OF CONNECTICUT *v.* ELIJAH ROSE
(7118)

O'CONNELL, STOUGHTON and FOTI, Js.

Argued June 14—decision released August 22, 1989

*Martin Zeldis,* assistant public defender, for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan,* state's attorney, and *Mary Elizabeth Baran,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from a judgment of conviction, after a jury trial, of robbery in the first degree in violation of General Statutes §§ 53a-133 (1) and 53a-134 (a) (3).[1]

The jury could reasonably have found the following facts. On the night of April 14, 1987, the defendant and his accomplice took a taxi to a condominium complex in Danbury. Near this destination, the defendant stretched his arm over the back of the seat, pinned the

---

[1] General Statutes § 53a-133 provides in pertinent part: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking . . . ."

General Statutes § 53a-134 provides in pertinent part: "(a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he *or* another participant in the crime . . . (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument . . . ." (Emphasis added.)

driver across the chest and demanded money. The accomplice then placed a knife against the driver's throat and threatened to cut him if he resisted. The defendant took approximately $150 from the driver and he and his accomplice fled the scene on foot.

The defendant claims that the trial court erred (1) in refusing to give him access to witness statements and reports, and (2) in instructing the jury on the charge of robbery in the first degree. He also challenges the unavailability of his alleged accomplice at his trial. We find error.

We first address the defendant's challenge to the trial court's jury instruction on the robbery charge because the error on this claim requires a remand for a new trial. The defendant contends that the court's instruction permitted the jury to convict him of robbery in the third degree instead of robbery in the first degree because the jury was not required to find that the defendant or his accomplice used or threatened to use a deadly weapon in the commission of the crime.

"It is axiomatic that the state is required to prove all the essential elements of the crimes charged beyond a reasonable doubt in order to obtain a conviction. *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). An instruction that dilutes the state's burden, or places a burden on the defendant to prove his innocence, is unconstitutional. *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)." *State* v. *Reddick,* 197 Conn. 115, 131–32, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986). A portion of the court's charge, however, cannot be viewed in isolation from the overall instruction. *State* v. *Quintana,* 209 Conn. 34, 47, 547 A.2d 534 (1988). If the state can " 'prove beyond a reasonable doubt that, from the viewpoint of the charge as a whole, there is no reasonable

possibility that the jury was misled,' '' then we need not reverse. *State* v. *Townsend,* 206 Conn. 621, 626, 539 A.2d 114 (1988), quoting *State* v. *Sinclair,* 197 Conn. 574, 584, 500 A.2d 539 (1985).

Robbery in the third degree "occurs when the accused uses or threatens the immediate use of physical force for the purposes of committing a larceny." *In re Juvenile Appeal (84-4),* 1 Conn. App. 642, 645, 474 A.2d 485 (1984); see General Statutes § 53a-136. Robbery in the first degree, however, includes the additional element of the use or threatened use of a dangerous instrument during the commission of the crime. General Statutes § 53a-134; *In re Juvenile Appeal (84-4),* supra, 646.

The court began its charge by referring to the information and stating that "[i]t accuses [the defendant] of committing the crime in one or two ways. By use or threatened use of a dangerous instrument *and* by the use of force for overcoming resistance in the taking of the property. . . . The state has alleged *two bases* on which you can predicate a conviction." (Emphasis added.)

The implication of the court's language is clear. It informed the jury that it could convict the defendant on the basis of one of two theories, only one of which involved the use of a dangerous weapon. It reinforced this impression later in the charge when it told the jury that "[t]he penal code divides the crime of robbery into several degrees. . . . A person commits robbery in the first degree when in the course of commission of the crime or the immediate flight therefrom, he or another participant uses or threatens the use of a dangerous weapon. This is the *second way* the state contends the act could have occurred." (Emphasis added.) Once again, the court instructed the jury on two theories of liability where no such alternatives exist.

The record discloses that the court subsequently indicated the proper course for the jury to follow by giving a correct definition of the crime of first degree robbery.[2] That single statement, however, cannot undo the prejudice created by the prior faulty instructions. This is especially true in light of the court's closing instructions telling the jury that it could find the defendant guilty of robbery in the first degree without finding that he or his accomplice used or threatened the use of a dangerous weapon.[3]

We conclude that it is reasonably likely that the jury was misled in reaching its verdict. *State* v. *Wood*, 208 Conn. 125, 143–44, 545 A.2d 1026, cert. denied, 488 U.S. 895, 109 S. Ct. 235, 102 L. Ed. 2d 225 (1988). The fact that the jury was instructed on several occasions that it did not have to find that the defendant or his accomplice used or threatened the use of a dangerous instrument during the commission of the crime creates the possibility that the state was able to gain a conviction without having to prove one of the elements of the crime charged.

Accordingly, we must set aside the defendant's conviction and remand the case for a new trial. In light

---

[2] The court instructed the jury as follows: "Now, in order to find Mr. Rose guilty of this charge, ladies and gentlemen, it's essential that you find these three elements and each and every one of them has been committed and that they have been proven beyond a reasonable doubt. That while a robbery is being committed, that either the defendant or another person—participant in the crime—displayed or threatened the use of a dangerous instrument."

[3] The court told the jury that "[t]he state has alleged—as I said—two ways in which the crime might have been committed. If you find that the first one was in fact proven to you beyond a reasonable doubt, then you go no further and find him guilty. If you find, the first one is not proven to you beyond a reasonable doubt, then you will consider the second. If you find that the second is proven beyond a reasonable doubt, you return a verdict of guilty. If you find the state has not proven him guilty beyond a reasonable doubt on the second specification in the information, your verdict of course will be not guilty."

of our disposition of the issue, we need not address the other two claims of error.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.