STATE OF CONNECTICUT *v.* ERIC JONES
(12664)

FREEDMAN, SCHALLER and SPEAR, Js.

Argued April 25—decision released September 6, 1994

*Michael A. Fitzpatrick,* special public defender, with whom, on the brief, was *Jill M. McGoldrick,* for the appellant (defendant).

*Judith Rossi,* assistant state's attorney, with whom, on the brief, was *Mary M. Galvin,* state's attorney, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of robbery in the second degree in violation of General

Statutes § 53a-135 (a) (1),[1] and of conspiracy to commit robbery in the second degree in violation of General Statutes §§ 53a-48[2] and 53a-135 (a) (1). The defendant was charged in a substitute information with robbery in the first degree in violation of General Statutes § 53a-134 (a) (3),[3] and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (3). The trial court instructed the jury on these charges, as well as robbery in the second degree and conspiracy to commit robbery in the second degree as lesser included offenses. The jury acquitted the defendant of the charges of robbery in the first degree and conspiracy to commit robbery in the first degree.

The defendant claims that the trial court improperly (1) charged the jury on robbery in the second degree and conspiracy to commit robbery in the second degree as lesser included offenses, (2) failed to charge the jury on robbery in the third degree in violation of General

[1] General Statutes § 53a-135 provides in pertinent part: "(a) A person is guilty of robbery in the second degree when he commits robbery as defined in section 53a-133 and (1) he is aided by another person actually present . . . ."

General Statutes § 53a-133 provides: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

[2] General Statutes § 53a-48 provides in pertinent part: "(a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[3] General Statutes § 53a-134 (a) provides in pertinent part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . ."

Statutes § 53a-136[4] and on conspiracy to commit robbery in the third degree in violation of General Statutes §§ 53a-48 and 53a-136, as lesser included offenses, and (3) determined that Wharton's rule does not bar convictions of both robbery in the second degree and conspiracy to commit robbery in the second degree. We reverse the judgment of the trial court on the first claim.

The jury reasonably could have found the following facts. On the evening of October 30, 1991, James Frate met the defendant and Alex Nieves in a parking lot in West Haven and discussed stealing a pocketbook. Frate drove the defendant and Nieves in a white 1988 Chrysler New Yorker to a driveway on Claudia Drive. At approximately 11:30 p.m., the defendant and Nieves left the vehicle, walked up a hill to the nearby Denny's Restaurant on Saw Mill Road and positioned themselves opposite one another in the parking lot. After about five minutes, the victim exited the restaurant. As she walked to her car, the defendant and Nieves approached her from opposite directions. The defendant pushed the victim to the ground and grabbed her pocketbook. The victim then reentered the restaurant and called the police.

The two men fled and Frate saw them running down the hill. The defendant and Nieves entered the vehicle and told Frate to drive. Charles Hoey, who witnessed the incident from his car as he was stopped at a traffic light near the restaurant, followed the vehicle driven by Frate. Before losing sight of it, Hoey wrote down the license plate number. He later informed the police of that number.

I

The defendant contends that the trial court improperly instructed the jury that robbery in the second

---

[4] General Statutes § 53a-136 provides: "(a) A person is guilty of robbery in the third degree when he commits robbery as defined in section 53a-133."

degree pursuant to § 53a-135 (a) (1) and conspiracy to commit robbery in the second degree pursuant to §§ 53a-48 and 53a-135 (a) (1) are lesser included offenses of robbery in the first degree pursuant to § 53a-134 (a) (3) and conspiracy to commit robbery in the first degree pursuant to §§ 53a-48 and 53a-134 (a) (3) as set forth in the information. As a result, the defendant alleges that he lacked notice of the second degree charges in violation of the sixth amendment to the United States constitution.[5] Whether robbery in the second degree in violation of § 53a-135 (a) (1) and conspiracy to commit robbery in the second degree in violation of §§ 53a-48 and 53a-135 (a) (1) can be lesser included offenses of robbery in the first degree in violation of § 53a-134 (a) (3) and conspiracy to commit robbery in the first degree in violation of §§ 53a-48 and 53a-134 has not previously been explored by our appellate courts.

"When examining a claim of insufficient notice of a lesser included offense, we are limited to an examination of the charging documents, and do not examine the evidence presented at trial. *State* v. *Jacobowitz*, 182 Conn. 585, 593, 438 A.2d 792 (1981); *State* v. *Kitt*, [8 Conn. App. 478, 487, 513 A.2d 731 (1986), cert. denied, 202 Conn. 801, 518 A.2d 648 (1987).]" *State* v. *Hudson*, 14 Conn. App. 472, 476, 541 A.2d 539 (1988). " 'The test for determining whether one crime is a lesser included offense of another crime is whether

---

[5] The sixth amendment to the United States constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ."

The defendant also claimed that he was not provided with proper notice of the charges against him pursuant to article first, § 8, of the Connecticut constitution. Because the defendant failed to brief or to analyze independently the applicable state constitutional protections, we limit our review to the federal constitutional claim. *State* v. *Zarick*, 227 Conn. 207, 226 n.18, 630 A.2d 565, cert. denied,      U.S.    , 114 S. Ct. 637, 126 L. Ed. 2d 595 (1993); *State* v. *Santiago*, 224 Conn. 325, 328 n.4, 618 A.2d 32 (1992); *State* v. *Joly*, 219 Conn. 234, 258 n.16, 593 A.2d 96 (1991).

it is possible to commit the greater offense in the manner described in the information or bill of particulars without having first committed the lesser.' *State* v. *Hodge,* 201 Conn. 379, 385, 517 A.2d 621 (1986); *State* v. *Whistnant,* [179 Conn. 576, 584, 427 A.2d 414 (1980)]." *State* v. *Falcon,* 26 Conn. App. 259, 264, 600 A.2d 1364, cert. denied, 211 Conn. 911, 602 A.2d 10 (1992). Because no bill of particulars was requested or filed, the inquiry is restricted to the wording of the information. *State* v. *Neve,* 174 Conn. 142, 145, 384 A.2d 332 (1977). We review the claims in turn.

### A

The pertinent part of the information on robbery in the first degree is as follows: "Eric Jones did commit a Robbery and in the course of the commission of the crime or of immediate flight therefrom, *he or another participant in the crime used and threatened the use of a dangerous instrument, to wit: a knife,* in violation of section 53a-134 (a) (3) of the Connecticut General Statutes." (Emphasis added.) The information basically restates the elements set forth in § 53a-134 (a), which states in part that "in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . ."

Proof of robbery in the second degree in violation of § 53a-135 (a) (1) likewise requires proof of robbery pursuant to § 53a-133, but also requires that the accused be "aided by another person actually present . . . ." Here, the key issue is whether the defendant could have committed robbery in the first degree in accordance with the language of the information that he *"or another participant in the crime* used and threatened the use of a dangerous instrument" without also having committed robbery in the second degree in which

he was *"aided by another person actually present."* (Emphasis added.) We conclude that the defendant did not have to commit robbery in the second degree in violation of § 53a-135 (a) (1) in order to commit robbery in the first degree as set forth in the information.[6]

The information states that the defendant *or* another participant in the crime used and threatened to use a dangerous instrument. The state contends that this language indicates that at least two people were present at the scene and involved in the crime. The state argues that, as a result, robbery in the second degree in violation of § 53a-135 (a) (1) is a lesser included offense of robbery in the first degree in violation of § 53a-134 (a) (3) as set forth in the information. We disagree.

[6] We note that although we have not previously addressed the issue raised in this appeal, we have considered the relationship of the two statutory provisions in the context of a double jeopardy claim. In *State* v. *Ford,* 33 Conn. App. 143, 144–48, 634 A.2d 1188, cert. granted on other grounds, 228 Conn. 918, 636 A.2d 849 (1994), we reviewed whether simultaneous convictions for robbery in the second degree in violation of General Statutes § 53a-135 (a) (1) and robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) constituted double jeopardy. Although the determination of whether two crimes are the same offense for double jeopardy purposes varies somewhat from the inquiry as to whether one crime is a lesser included offense of another, we began our inquiry in *Ford* as we do in this case, by an examination of the language set forth in the information. In *Ford,* the pertinent language of the information is as follows: " 'the accused committed a robbery and in the course of commission of the crime, *he or another participant in the crime used or threatened the use of a dangerous instrument, a knife,* in violation of General Statutes § 53a-134 (a) (3)' " and " 'the accused committed a robbery, *and was aided by another person, Michael Jones, actually present,* in violation of General Statutes § 53a-135 (a) (1).' " (Emphasis in original.) Id., 146–47. This court succinctly held that "[i]t is readily apparent that each count required proof of an element that the other did not. The first degree robbery count required proof that the defendant or another participant in the crime used or threatened the use of a dangerous instrument. The second degree robbery count required proof that the defendant was aided by another person actually present." Id., 147. This court implicitly concluded, thus, that the phrases "or another participant" and "aided by another person actually present" were not equivalent, and rejected the defendant's claim of double jeopardy.

Phrased in the disjunctive, the information and the statute on robbery in the first degree do not require that another person participate in the robbery in all instances. In this information, there is no requirement that another individual even be present at the scene for robbery in the first degree to be established. The defendant *himself,* without any other participant present, could have committed the robbery and used and threatened to use the knife. The defendant need not have committed robbery in the second degree pursuant to § 53a-135 (a) (1) in order to commit robbery in the first degree as alleged in the information. We conclude that robbery in the second degree pursuant to § 53a-135 (a) (1) is not a lesser included offense of robbery in the first degree pursuant to § 53a-134 (a) (3) as set forth in the information and, therefore, the defendant did not have proper notice of the charges against him.

### B

We now analyze the elements of the offenses of conspiracy to commit robbery in the first degree as set forth in the information and conspiracy to commit robbery in the second degree in violation of §§ 53a-48 and 53a-135 (a) (1). "To prove the crime of conspiracy, in violation of § 53a-48, the state must establish beyond a reasonable doubt that an agreement existed between two or more persons to engage in conduct constituting a crime and that subsequent to the agreement one of the conspirators performed an overt act in furtherance of the conspiracy. *State* v. *Rouleau,* 204 Conn. 240, 258, 528 A.2d 343 (1987); *State* v. *Estrada,* 28 Conn. App. 416, 420, 612 A.2d 110, cert. denied, 223 Conn. 925, 614 A.2d 828 (1992). The state is also obligated to prove that the accused intended that conduct constituting a crime be performed. *State* v. *Rouleau,* supra [258]; *State* v. *Channer,* 28 Conn. App. 161, 168, 612 A.2d

95, cert. denied, 223 Conn. 921, 614 A.2d 826 (1992)." *State* v. *Hooks,* 30 Conn. App. 232, 241–42, 619 A.2d 1151, cert. denied, 225 Conn. 915, 623 A.2d 1025 (1993).

The pertinent part of the information with regard to conspiracy to commit robbery in the first degree set forth as follows: "Eric Jones did agree with one or more persons to commit a robbery, and in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime used and threatened the use of a dangerous instrument . . . . OVERT ACT On October 30, 1991 at approximately 11:35 p.m., the said Eric Jones *and Alexander Nieves did approach a female in the parking lot of Denny's.* Eric Jones displayed a knife, and pushed the female to the ground. Her pocketbook was then taken from her." (Emphasis added.)

Although termed "overt act," there are actually several overt acts alleged. The information not only asserts that the defendant agreed with another person or persons to commit robbery, but also alleges the following as overt acts: (1) Nieves was at the scene of the robbery and took an active role in the commission of the robbery, (2) the defendant displayed a knife, (3) the defendant pushed the victim to the ground, and (4) the victim was robbed of her pocketbook. We conclude that it was possible for the defendant to have committed the crime of conspiracy to commit robbery in the first degree as set forth in the information without also having engaged in conspiracy to commit robbery in the second degree.

"The law on overt act charges was set forth in *United States* v. *Sellers,* 603 F.2d 53, 56 (8th Cir. 1979), vacated in part on other grounds, 447 U.S. 932, 100 S. Ct. 3033, 65 L. Ed. 2d 1127 (1980), modified, 628 F.2d 1085 (8th Cir. 1980). 'In a conspiracy prosecution, the government is not limited to proof of only those overt acts

charged in the indictment and in fact need not prove every overt act alleged. *United States* v. *Harris,* 542 F.2d 1283, 1300 (7th Cir. 1976), cert. denied, 430 U.S. 934, 97 S. Ct. 1558, 51 L. Ed. 2d 779 (1977); *United States* v. *Adamo,* 534 F.2d 31, 38 (3rd Cir.), cert. denied, 429 U.S. 841, 97 S. Ct. 116, 50 L. Ed. 2d 110 (1976). In addition, if an alleged overt act has not been proved, its submission to the jury is harmless error when the jury is presented with other overt acts in furtherance of the conspiracy which were sufficiently supported by the evidence. *United States* v. *Bletterman,* 279 F.2d 320, 322 (2d Cir. 1960); *Giardano* v. *United States,* 251 F.2d 109, 115 (8th Cir.), cert. denied, 356 U.S. 973, 78 S. Ct. 1136, 2 L. Ed. 2d 1147 (1958).' *United States* v. *Sellers,* supra [56]." *State* v. *Boykin,* 27 Conn. App. 558, 571–72, 609 A.2d 242, cert. denied, 223 Conn. 905, 610 A.2d 179 (1992).

As presented in the information, proof of conspiracy to commit robbery in the first degree would not necessarily result in proof of conspiracy to commit robbery in the second degree in violation of § 53a-135 (a) (1). Proof of conspiracy to commit robbery in the first degree could occur if the jury found as an overt act that the defendant displayed a knife. The jury need not determine that another participant was actually present and aided the commission of the crime to find the defendant guilty of conspiracy to commit robbery in the first degree. As a result, the defendant's sixth amendment rights were violated by the trial court's charge regarding conspiracy to commit robbery in the second degree.

## II

The defendant next contends that the trial court improperly failed to instruct the jury as requested on robbery in the third degree in violation of § 53a-136 and conspiracy to commit robbery in violation of §§ 53a-48 and 53a-136 as lesser included offenses of robbery in

the first degree in violation of § 53a-134 (a) (3) and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (3) as set forth in the information. Because we are remanding this case for a new trial and cannot conclude that the issues concerning instructions on robbery in the third degree and conspiracy to commit robbery in the third degree as lesser included offenses will recur on retrial, we need not address them.

### III

The defendant's final contention is that Wharton's rule barred the conviction of the defendant for both robbery in the second degree pursuant to § 53a-135 (a) (1) and conspiracy to commit robbery in the second degree pursuant to §§ 53a-48 and 53a-125 (a) (1). "Wharton's rule provides that '[a]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to *necessarily require* the participation of two persons for its commission.' (Emphasis added.) 1 Wharton, Criminal Law & Procedure (Anderson Ed.) § 89, p. 191; see *State* v. *Acklin,* 171 Conn. 105, 117, 368 A.2d 212 (1976)." *State* v. *Baker,* 195 Conn. 598, 607, 489 A.2d 1041 (1985); *State* v. *Cavanaugh,* 23 Conn. App. 667, 671, 583 A.2d 1311 (1990), cert. denied, 220 Conn. 930, 598 A.2d 100 (1991). Because we are remanding this case for a new trial and cannot conclude that the issues concerning Wharton's rule will recur on retrial, we need not decide at this time whether Wharton's rule applies to robbery in the second degree pursuant to § 53a-135 (a) (1) and conspiracy to commit robbery in the second degree pursuant to §§ 53a-48 and 53a-135 (a) (1).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.