STATE OF CONNECTICUT *v.* SHAUN WILLIAMS
(AC 28521)

McLachlan, Gruendel and Mihalakos, Js.

Argued April 28—officially released July 8, 2008

*H. Owen Chace*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *John F. Fahey*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Shaun Williams, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a) (4), and larceny in the second degree in violation of General Statutes § 53a-123 (a) (3),[1] and from the judgment of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. He claims that his conviction of robbery in the first degree and larceny in the second degree violated the constitutional prohibition against double jeopardy. We affirm the judgments of the trial court.

On the morning of May 4, 2005, the victim, Denise Laureano, was walking to work at the Children's Medical Center in Hartford when a vehicle blocked her path. The defendant exited the vehicle, pointed a handgun at the victim and demanded her necklace. The victim refused. After pushing the victim to the ground, the defendant placed the handgun against her head and inside her mouth. At that moment, the defendant's accomplice exited the vehicle, approached the victim

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

General Statutes § 53a-123 (a) provides in relevant part: "A person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a-119, and . . . (3) the property, regardless of its nature or value, is taken from the person of another . . . ."

and ripped the necklace from her neck. The defendant then took the victim's cellular telephone from her person and fled the scene with his accomplice.

The defendant subsequently was arrested and tried before the jury, which found him guilty of robbery in the first degree, conspiracy to commit robbery in the first degree and larceny in the second degree. The court rendered judgment accordingly and thereafter found the defendant in violation of probation. This appeal followed.

The defendant's sole claim is that his conviction of robbery in the first degree and larceny in the second degree violated the constitutional prohibition against double jeopardy. He failed to preserve that claim at trial and now requests *Golding* review.[2] We conclude that no constitutional violation exists.

"The fifth amendment to the United States constitution provides in relevant part: No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb. . . . The double jeopardy clause of the fifth amendment is made applicable to the states through the due process clause of the fourteenth amendment. . . . Although the Connecticut constitution has no specific double jeopardy provision, we have

---

[2] See *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id. The first two questions relate to whether a respondent's claim is reviewable, and the last two relate to the substance of the actual review. *State* v. *Jarrett*, 82 Conn. App. 489, 492 n.1, 845 A.2d 476, cert. denied, 269 Conn. 911, 852 A.2d 741 (2004).

held that the due process guarantees of [our state constitution] include protection against double jeopardy. . . . [T]he Double Jeopardy Clause consists of several protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Citation omitted; internal quotation marks omitted.) *State* v. *Bletsch*, 281 Conn. 5, 27, 912 A.2d 992 (2007).

The defendant's claim implicates the last of these protections, contending that his conviction of robbery in the first degree and larceny in the second degree twice punishes him for the same crime. In *State* v. *Hudson*, 14 Conn. App. 472, 476, 541 A.2d 539 (1988), this court explained that "because larceny from the person requires a taking from the victim's person as opposed to a taking from his presence or control, larceny in the second degree under § 53a-123 (a) (3) is not ordinarily a lesser included offense of robbery, the larceny component of which does not require such a taking." Relying on that precedent, we rejected the defendant's double jeopardy challenge to his conviction of robbery in the second degree and larceny in the second degree in *State* v. *Littles*, 31 Conn. App. 47, 58, 623 A.2d 500, cert. denied, 227 Conn. 902, 630 A.2d 72 (1993). Resolution of the present claim likewise is governed by that precedent. We therefore conclude that the defendant has failed to establish the existence of a clear constitutional violation.

The judgments are affirmed.