## Janet Secondino et al. *v.* New Haven Gas Company et al.

Baldwin, C. J., King, Murphy, Mellitz and Shea, Js.

Argued October 7—decided November 15, 1960

*Donald F. Keefe,* with whom was *Peter C. Dorsey,* for the appellants (defendants).

*Nathan A. Resnik,* with whom were *John J. Resnik* and, on the brief, *Cornelius T. Driscoll,* for the appellees (plaintiffs).

BALDWIN, C. J.  The defendants have assigned error in the charge concerning the inference to be drawn by the jury from the failure of the named plaintiff, hereinafter called the plaintiff, to produce an expert medical witness.

The plaintiff claimed to have proved the following facts:  She was injured in an automobile accident proximately caused by the defendants' negligence. She suffered a brain concussion, a cervical strain and contusions on both of her arms.  Dr. Michael Carpinella, a general practitioner, treated her for all her injuries and referred her to Dr. Franklin Robinson, a neurological specialist, for her complaints of headaches, dizziness and neck pain.  She was still suffering from headaches and neck pain at the time of the trial.

The defendants claim to have proved that the plaintiff's injuries were of a minor nature, that she had had a history of periodic headaches going back many years, and that Dr. Robinson was the only doctor who examined her for head injuries.  The plaintiff, before resting her case, sought a stipulation to the effect that Dr. Robinson, if produced, would corroborate Dr. Carpinella with respect to her complaints of headaches, dizziness and neck pain.  The defendants refused so to stipulate.  The plaintiff also asked and, with the defendants' consent, was granted permission by the court to call Dr. Robinson out of turn, during the defendants' case.  The plaintiff then rested subject to the right to call Dr. Robinson.  At the conclusion of the testimony offered by the defendants, which consumed

approximately two hours, the plaintiff offered as a witness in rebuttal a deputy sheriff who testified that about two hours before he took the witness stand the plaintiff's counsel had given him a subpoena addressed to Dr. Robinson and that he had been unable to serve it upon the doctor. During the argument, counsel for both parties referred at some length to the inferences which should be drawn by the jury from the fact that Dr. Robinson had not been offered as a witness.

The parties filed no requests to charge. The court charged the jury that "where a party fails to call . . . a witness who, if so called, could testify as to any material fact, and where it is within the sole or peculiar power of that party to call him," the jury are entitled to infer that his testimony would have been unfavorable to the party failing to call him, and "to consider that fact" in reaching their decision. The court instructed the jury further, in effect, that the inference could not be drawn unless they concluded that the person not called could have given material testimony and "that it was within the sole or peculiar power of the party failing to call him to put him on the witness stand." The court then told the jury that either party has the right to issue subpoenas and require the attendance of witnesses in the courtroom.

It is an ancient maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted. *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 A. 461; *Halpine* v. *Halpine,* 138 Conn. 578, 580, 87 A.2d 146; 2 Wigmore, Evidence (3d Ed.) § 285. The rule applicable to the instant case, a civil action in which there was a failure to produce a particular witness, is stated in

*Ezzo* v. *Geremiah,* supra, 677: "The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause." The party against whose cause an unfavorable inference is claimed may, of course, offer evidence to explain the failure to produce the witness. Id., 678; *Thomas* v. *Ganezer,* 137 Conn. 415, 422, 78 A.2d 539; see *Cote* v. *Palmer,* 127 Conn. 321, 331, 16 A.2d 595. There are two requirements for the operation of the rule: The witness must be available, and he must be a witness whom the party would naturally produce. *Broderick* v. *Shea,* 143 Conn. 590, 593, 124 A.2d 229; *Halpine* v. *Halpine,* supra; *Lemmon* v. *Paterson Construction Co.,* 137 Conn. 158, 163, 75 A.2d 385; *Dawson* v. *Davis,* 125 Conn. 330, 334, 5 A.2d 703. Availability of the witness is not the sole test. In the cases cited, the witness who was not called was available to both parties. In *Ezzo* v. *Geremiah,* supra, and in *Lemmon* v. *Paterson Construction Co.,* supra, the witness was actually present in the courtroom. A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce. *Turner* v. *Scanlon,* 146 Conn. 149, 161, 148 A.2d 334; 2 Wigmore, op. cit. §§ 286-288; see *Ezzo* v. *Geremiah,* supra, 676 (defendant's son, who was driving the defendant's automobile); *Dawson* v. *Davis,* supra, 332 (plaintiff's nephew, who had charge of the land involved in the dispute); *Lemmon* v. *Paterson Construction Co.,* supra (defendant's employee); *Broderick* v. *Shea,*

supra (plaintiff's husband). Parenthetically, the rule does not apply until the plaintiff has made out a prima facie case. *Halpine* v. *Halpine,* supra; *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 658, 174 A. 67; *Baker* v. *Paradiso,* 117 Conn. 539, 546, 169 A. 272.

Dr. Robinson was a medical specialist who, according to the defendants' claims of proof, had treated the plaintiff for the injuries which she claimed to be her more serious ones. If his testimony was likely to be favorable, the plaintiff, presumably, would make every reasonable effort to produce him. His position as an expert in the particular field of the plaintiff's more serious injuries would have added weight to her case had he testified favorably to her claims. It would not be enough for her to say that Dr. Robinson was available by subpoena to both parties. He was a witness whom the plaintiff naturally would produce. She had, at all times, the burden of proof. *Johnson* v. *Toscano,* 144 Conn. 582, 593, 136 A.2d 341; *Allen* v. *Giuliano,* 144 Conn. 573, 576, 135 A.2d 904; *Seney* v. *Trowbridge,* 127 Conn. 284, 288, 16 A.2d 573; *Doty* v. *Wheeler,* 120 Conn. 672, 679, 182 A. 468.

The failure of a party to call as a witness a person who is available to both parties and who does not stand in such a relationship to the party in question or to the issues that that party would naturally be expected to produce him if his testimony was favorable affords no basis for an unfavorable inference. *Yavis* v. *Sullivan,* 137 Conn. 253, 263, 76 A.2d 99; *Branch* v. *Mashkin Freight Lines, Inc.,* 134 Conn. 278, 281, 57 A.2d 136; *Sickmund* v. *Connecticut Co.,* 122 Conn. 375, 383, 189 A. 876; *Fierberg* v. *Whitcomb,* 119 Conn. 390, 397, 177 A. 135; *Cullum* v. *Colwell,* 85 Conn. 459, 466, 83 A. 695; *Scovill* v. *Bald-*

*win,* 27 Conn. 316, 318. That was not the situation here. The charge did not conform to our law as applied to the claims of proof in this case.

To require a reversal, error must be harmful. The nature and extent of the plaintiff's injuries were weighty issues in this case, and the error in the charge makes necessary a new trial on the issue of damages. As the defendants have not pursued any alleged error with respect to the issue of liability, there is no need to retry that issue.

There is error only as to the judgment in favor of the plaintiff Janet Secondino, the judgment as to her only is set aside and the case is remanded with direction to render judgment for her to recover such damages as, on a new trial limited to the issue of damages, she may prove.

In this opinion the other judges concurred.