EDITH SILEO *v.* ANNE M. CURRAN ET AL.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, JS.

Argued October 6—decided October 7, 1971

*Leo Gold,* with whom was *Isadore M. Mackler,* for the appellant (plaintiff).

*Richard A. Jontos,* for the appellees (defendants).

PER CURIAM. A jury trial arising from a motor vehicle accident resulted in a verdict for the defendants. The plaintiff, claiming errors in the charge

to the jury, appealed from the ensuing judgment. The plaintiff and her son were the occupants of one of the two cars involved in the accident. Apparently relying on the rule set out in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598, and specifically referring to the son of the plaintiff, the court charged the jury that the failure of a party to produce a witness who is within her power to produce, and who would naturally be produced by her, permits the inference that the evidence of that witness, if given, would be unfavorable to her cause. In fact, although the son did not appear in person at the trial as a witness, there was evidence that he was in Illinois working on a new job and could not appear. More importantly, it appears that the plaintiff had taken his deposition concerning the circumstances of the accident and the deposition, over the defendants' objection, was introduced in evidence by the plaintiff. Under these circumstances, it was clearly error to charge the jury, as the court did, that an inference unfavorable to the plaintiff might be drawn from her failure to produce as a witness her son, whose deposition was admitted in evidence over the defendants' objection.

There is error, the judgment is set aside and a new trial is ordered.