STATE OF CONNECTICUT *v.* ANONYMOUS (1979-4)*

APPELLATE SESSION OF THE SUPERIOR COURT

PER CURIAM. After a jury trial, the defendant was convicted of criminal mischief in the third degree as defined by General Statutes § 53a-117.[1] In this appeal from the judgment rendered upon the verdict, the defendant claims that the evidence

---

* Thus entitled, in view of General Statutes § 54-142a.

[1] General Statutes § 53a-117 provides, in part, as follows: "(a) A person is guilty of criminal mischief in the third degree when, having no reasonable ground to believe that he has a right to do so, he: (1) Intentionally or recklessly (A) damages tangible property of another . . . ."

was insufficient to support the verdict, that there were errors in the charge and that an illegal sentence was imposed. We find no merit in the claims of error directed at the verdict, but we do agree that a portion of the sentence was improper.

The evidence would support the jury in finding the following facts: The complainant and the defendant were both employed on the same construction job. They knew each other but had little contact. On the date of the incident in question the complainant left the construction job for his lunch period, drove to a nearby restaurant and parked his car in the parking lot. He saw the defendant and another worker from the construction job playing with a tire in the parking lot. The other worker was also known to the complainant and they greeted each other. Both of those men appeared to have been drinking and were acting "rowdyish."

The complainant entered the restaurant and ordered a bottle of beer. About five minutes later he went to the door of the restaurant and looked out into the parking lot. He saw the defendant, who was standing next to the complainant's car, make a "swiping" motion at one of the tires on the car and, upon completion of the motion, fold up a knife in his hand and put it into his pocket. The complainant described the implement in the defendant's hand as a "buck knife" with a blade about four inches in length. The complainant went back inside the restaurant, finished his beer and then went out to his car. He found that three of his tires were flat. The defendant and his companion had departed. When a man arrived from the garage called by the complainant, the tires were examined more closely and a horizontal slash about one inch long was found on the sidewall of each tire.

The defendant claims that the failure of the state to offer any physical evidence, such as the slashed

tires, a photograph of them or a repair bill for the tires, renders the evidence as a matter of law insufficient for a conviction. He also claims that the complainant's testimony was contradicted by the defendant and by another witness and that the state neglected to offer other corroborative evidence which it could have produced.

The credibility of the witnesses was for the jury to determine. *Brown* v. *Connecticut Light & Power Co.*, 145 Conn. 290, 293. Whether an adverse inference should be drawn from the failure to produce available evidence, as well as the significance of any such inference, is also a question for the trier. *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 675. The testimony of the complaining witness, if believed by the jury, was sufficient to prove that the defendant "intentionally or recklessly" damaged the "tangible property" of the complainant in violation of § 53a-117. The evidence is adequate to support the conviction.

Although there were no exceptions to the charge, the defendant has raised two claims of error. The first error claimed is based upon the misuse of one word in a portion of the charge discussing § 53a-117.[2] The second error involves the use of the word "conclusively" instead of "ordinarily" in the standard charge concerning the inference of intent which may be drawn from a person's acts.[3] None of those misstatements rises to the level of a clear

---

[2] The court charged: "First the property must be tangible, that is capable of being felt and seen. This *statement* concerns itself with actual physical damage to property. There is no question that tires are tangible property, so you do not have to worry about it." (Emphasis added.) From the context we conclude that the court intended "statute" for "statement."

[3] The court charged: "Intent is a mental process, and ordinarily intent can be proven only by circumstantial evidence. A person's intention may be inferred from his conduct and every person is conclusively presumed to intend the natural and necessary consequences of his acts."

deprivation of a "fundamental constitutional right and a fair trial" which would warrant our consideration in the absence of a proper exception. *State v. Evans*, 165 Conn. 61, 70. The use of the word "conclusively" was inconsistent with the statement in the first portion of the same sentence that "[a] person's intention may be inferred from his conduct." At worst there was an ambiguity which it was incumbent upon the defendant to call to the attention of the trial court by a proper exception at the conclusion of the charge. Practice Book, 1978, § 315.

We agree with the defendant that the sentence imposed was defective. The court fined him $250 and ordered him to make restitution of $200 for the tires. "In imposing sentence the court was necessarily limited to a disposition sanctioned by General Statutes § 53a-28, which sets forth the various sentences which can be imposed upon a person convicted of an offense." *State v. Fiore*, 35 Conn. Sup. 544, 548.[4] This statute contains no authority for a sentence of restitution unless such an order is made a condition of probation or conditional discharge. See General Statutes §§ 53a-28 (b) (5) and (6), 53a-30 (a) (4). Any reasonable condition may be attached to a sentence of probation or conditional discharge. *State v. Ghiloni*, 35 Conn. Sup. 570, 577.

There is no error with respect to the verdict; there is error with respect to the portion of the sentence ordering restitution and that portion of the judgment is set aside.

A. HEALEY, PARSKEY and D. SHEA, Js., participated in this decision.

---

[4] General Statutes § 53a-28 (a) provides: "Except as provided in chapter 359, to the extent that such chapter is inconsistent herewith, every person convicted of an offense shall be sentenced in accordance with this title."