[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Contel Credit Corporation (Contel) brings this action to recover the rental price of a computer leased by Contel to the defendant, Colonial Builders of New England (Colonial). Colonial agreed to pay $1,189.86 per month for 63 months and the agreement provided for a purchase option at the end of the lease period.
Within one month of taking delivery of the computer, Colonial determined it wished to return the computer and asked the plaintiff to refund $5,550.00 which it had paid as a down payment on the contract. CT Page 9014
John Griffen, President of Colonial Builders testified that he was not aware he was entering into a lease agreement but rather understood that he was purchasing the computer and that he had the right to return the product within thirty (30) days if not satisfied. The Court finds it difficult to reconcile his claim with the documentary evidence. On May 15, 1987, Mr. Griffin affixed his signature to a document headed "Commercial Lease Agreement." Just above his signature the following statement appears in bold print: "This is a non-cancellable lease" and the "Lessee" is shown as Colonial Builders of New England, Inc. An addendum to the agreement states the purchase option agreement under the Lease. (Plaintiff's Exhibit A). Mr. Griffen also signed a delivery receipt on May 15, 1987, acknowledging receipt of the computer as the lessee.
The documentary evidence does not indicate there was any thirty (30) day return policy. Mr. Griffin said he was told that by the plaintiff's representative who in turn denied making such a representation.
It appears that most of the contact between Contel and Colonial was with Colonial's office manager, Beverly Roberts. Ms. Roberts is certainly a witness that Colonial would naturally call. There was no evidence as to her whereabouts or unavailability. The Court is entitled to infer that her testimony would not be favorable to Colonial. Secondino v. New Haven Gas Co., 147 Conn. 672 (1960).
The Court does not find any credible evidence of unfair or unscrupulous practices, or fraud on the part of either the named defendant or the third party defendant.
In short the parties entered into a lease-option to purchase agreement. Mr Griffen has been a business man himself for some twenty years and has contract experience. Apparently Colonial become disillusioned with the performance it expected from the computer, although as has been indicated, the one person with knowledge of any shortcomings was not called to testify, nor was her absence explained. The sales representative, Paul Wholley, testified that the computer was a fairly standard builder's system and suitable for the intended application.
The Court finds the issues in favor of the plaintiff and the third party defendant (Versyss, Inc.). Judgment shall enter for the plaintiff against Colonial Builders of New England in the amount of $83,041.42, (Plaintiff's Exhibit C), plus costs. CT Page 9015
Hon. Lawrence Klaczak Superior Court Judge