[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol (BAC) test after his arrest for operating under the influence of alcohol, as provided in C.G.S.14-227b. The court finds the issues in favor of the defendant commissioner. CT Page 179
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . ." If the individual refuses to submit to a test, the commissioner must suspend his operator's license. Subsection (f) of section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues.
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the hearing officer designated by the commissioner found all of the issues in the affirmative, and the commissioner sustained the suspension.
In his brief and at oral argument on this appeal, the plaintiff advances two arguments as the bases for his appeal: (1) that there was insufficient evidence to support the hearing officer's finding that the plaintiff refused to submit to the BAC test; and (2) that there was insufficient evidence to support the hearing officer's finding that the police had probable cause to arrest the plaintiff.
At the administrative hearing in this case, the police officer who arrested the plaintiff, Officer Guercia of the North Haven Police Department, appeared and testified. In addition, the officer's A44 report and his case incident report were admitted in evidence without objection.
Officer Guercia appeared in response to the plaintiff's subpoena. The plaintiff also issued a subpoena to Officer Stephen Leigh, who signed the A44 form as the required witness to the plaintiff's refusal to submit to the test. See General CT Page 180 Statutes 14-227b(c). Officer Leigh failed to appear at the hearing, however, and Officer Guercia testified that Leigh was at "college." No other witnesses appeared. The plaintiff did not testify but was represented by counsel.
The police reports were either sworn or signed under penalty of false statement. They stated, in summary, that Officer Guercia observed the plaintiff in his rear view mirror operating his vehicle at a high rate of speed, apparently racing with another vehicle which was side-by-side. The plaintiff's vehicle drew up behind the police cruiser, forcing it off the road. As the officer then pursued the plaintiff's vehicle, it increased its speed and weaved back and forth over the yellow center line. When the plaintiff was finally stopped, Officer Guercia detected "a strong odor of an alcoholic beverage on his breath." Officer Guercia then administered certain "Field Performance (Sobriety) Tests," including the horizontal gaze (nystagmus) test and the one leg stand test. In the officer's opinion, the plaintiff failed these tests. The officer then arrested him, charging him with operating under the influence and reckless driving.
After arresting the plaintiff, Officer Guercia took him to the police station. The plaintiff tried to call his attorney without success. According to both police reports, the plaintiff refused to submit to a BAC test. In his incident report, the officer states, "(the plaintiff) stated that he knew the consequences of a refusal but that he was going to have to refuse the test."
At the agency hearing, most of Officer Guercia's testimony was in response to examination by the plaintiff's attorney, conducted as cross-examination of a hostile witness. Nevertheless, the police officer basically affirmed the substance of his written reports. His testimony was weakest on the subject of Officer Leigh's role in the testing procedure. Guercia testified that he was unsure whether Leigh was present when Guercia was explaining the test requirements to the plaintiff. In response to the hearing officer's question, Guercia testified that he thought Leigh was in the "booking area" at the time the plaintiff actually refused to be tested. However, no one asked and there was no evidence as to whether the plaintiff also was in the booking area or whether he was in an entirely different area, out of Leigh's presence. CT Page 181
The plaintiff argues that Officer Leigh's failure to obey the subpoena compels the inference that his testimony would not have supported the finding that the plaintiff refused the test, citing Secondino v. New Haven Gas Co., 147 Conn. 672. The court notes that the plaintiff does not argue that he was denied the right to confront a material witness or that he was denied the right to cross-examine a witness. Likewise, he does not argue that the proceeding was unfair. The record reveals that he did not request a continuance, nor did he object in any way to proceeding without Leigh as a witness. His only argument concerning Leigh's absence, at the administrative hearing and to this court in his brief, is that Leigh's failure to appear indicates that Leigh did not actually witness the plaintiff's refusal. From there, he argues that the remaining evidence of the refusal is insufficient. In effect, he argues that Leigh's absence is a fact which required a finding that the plaintiff did not refuse the test.
The plaintiff's evidentiary argument concerning Officer Leigh's absence and the effect it should have had on the hearing officer's factual finding cannot be sustained. "Judicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705
(1976). In this case, there was ample other evidence, including Officer Guercia's reports and his testimony which was sufficient under the law applicable to administrative proceedings to support the hearing officer's finding that the plaintiff refused the test. Furthermore, the rule in Secondino, supra, merely permits the factfinder to draw an unfavorable inference; it does not require it. The hearing officer in this case, therefore, was entitled to draw an unfavorable inference or not, depending upon all of the evidence, and the court cannot second-guess his fact finding process.
Like his argument concerning the testing procedure, the plaintiff's contentions concerning the hearing officer's finding of probable cause are based on facts in the record. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonable CT Page 182 trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176, 189 (1980). In this case, a review of the record establishes that there was overwhelming evidence in the form of the police officer's testimony and reports, which reasonably supports the hearing officer's finding that the police had probable cause to arrest the plaintiff for drunk driving. This evidence includes the dangerous actions which led the police to stop the plaintiff, the alcoholic breath, the staggering and the failure of the field sobriety tests. The court may not overrule an agency factual finding which is so solidly supported by the evidence.
The appeal is dismissed.
Maloney, J.