[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
The plaintiffs bring this action to determine title to a strip of land twenty-five feet in width adjoining the westerly boundary of property owned by them on Oakwood Lane in the town of Tolland. They claim ownership by reason of adverse possession. The defendants claim record title to the piece in question and dispute the plaintiffs' claims of adverse possession.
On April 1, 1975, the plaintiff Robert Koffman and his wife at the time, Susan Koffman, acquired property known as 16 Oakwood Lane, Tolland, Connecticut from Santini Homes, Inc. Subsequently, on April 13, 1978, Susan quitclaimed her interest in the property to Robert. Robert Koffman married Lisa Koffman in 1984 and on December 20, 1991 he conveyed an undivided one half interest in 16 Oakwood Lane to the plaintiff Lisa Koffman.
Sixteen Oakwood Lane was bounded on the westerly side by an ancient and abandoned highway known as Old State Road, CT Page 3804 approximately 50 feet wide and running from Oakwood Lane to Slater Road, a distance in excess of 1400 feet. The distance along the plaintiffs' property is approximately 134 feet.
Mr. Koffman believed he owned to the middle of the ancient roadway at the time he purchased 16 Oakwood Lane in 1975. He believed that because Eric Santini, the owner of Santini Homes, Inc. told him that if a highway is abandoned, the abutters own to the center of it.
The deed to the Koffmans did not, however, convey any portion of the abandoned roadway to them. Their deeded property ran to the easterly edge of the ancient roadway (plaintiffs' exhibit 2). Santini Homes, Inc. retained title to that roadway and on December 4, 1981 conveyed that fifty foot strip of land, running from Oakwood Lane to Slater Road, to the defendants in this action (defendants' exhibit 1).
The plaintiffs cannot claim ownership of the property as an abandoned road. Santini Homes, Inc. owned the entire piece including the abandoned road. It conveyed out a specific piece to the plaintiffs and a specific parcel to the defendants. Under these facts the Court finds that the record title holders to the property in dispute are the defendants, William and Hazel Barber.
The plaintiffs are on surer legal footing in their claim of ownership by adverse possession, the elements of which are as follows: the claimants must prove by clear and convincing evidence, an uninterrupted, open, visible and exclusive possession under a claim of right with intent to use the property as their own and without the consent of the owner. Clark v. Drska, 1 Conn. App. 481,485 (1984); Woycik v. Woycik, 13 Conn. App. 518, 520 (1988).
The possession adverse to that of the record owners commenced on April 1, 1975. Koffman has always used the property as his since the date he purchased it. He planted trees on it, he seeded it and reseeded it, fertilized, mulched, and leveled it. He planted forsythia bushes on it in 1975. His family used it for various recreational activities. Indeed, he mowed even beyond the twenty-five foot strip he now claims. For several years until sometime in the mid 80's the plaintiff kept a dog house on the disputed strip.
From April 1, 1975 to on or about December 10, 1981, the plaintiff, believing he owned twenty-five feet of the abandoned CT Page 3805 ancient highway, used the property openly, visibly, uninterruptedly, exclusively (no one other than the Koffmans used the property), without the consent of the owner and as his own. There was no evidence, as suggested by defendants' counsel that Eric Santini or Santini Homes, Inc. gave the Koffmans permission to use the property. Eric Santini was not called as a witness and Robert Koffman's testimony was that he (Koffman) believed he owned the land.
The next event of significance following April 1975, was the purchase of the ancient roadway by the Bakers from Santini Homes, Inc. on December 4, 1981. On December 10, 1981, the Bakers' attorney sent a letter to the Koffmans (plaintiffs' exhibit J) stating that the Barbers now owned the land described as the ancient road known as Old State Road. In response to that letter, the Koffmans' attorney responded by letter of December 23, 1981, that the Koffmans disputed the Barbers' claim of ownership (plaintiffs' Exhibit K). Thereafter, the Koffmans continued to use the property in the same manner as they did from 1975. The Barber letter was insufficient to interrupt the plaintiffs adverse possession. A letter apprising the plaintiffs of the defendants' claim to the disputed area does not disturb the plaintiffs' possession. In order to interrupt an adverse use the record owner must undertake an act which would reinstate him or her into possession. See Woycik v. Woycik, 13 Conn. App. 518, 524 (1988).
There was conflicting testimony as to exclusivity of use of the disputed property. Mr. Koffman testified that he never saw anyone use the property other than his family and friends until 1992 when Mrs. Barber asked him to remove his bushes from the property. He planted pine trees on the site sometime during the 1980's. See plaintiffs' exhibits N, G, M and F. The larger pines were planted by Koffman in an "L" shape along Oakwood Lane and at least one along the westerly edge of his property and within the twenty-five foot piece claimed. Forsythia bushes planted by Koffman are also seen in exhibits N, G and M. The same photographs corroborate that Koffman maintained the area as his yard. Exhibits N and M depict the defendants planting a row of pines within the disputed property in April 1993 well after the fifteen year statutory period had elapsed in April of 1990.
Lisa Koffman married Robert Koffman in 1984 and has lived at 16 Oakwood Lane since then, and even prior to 1984 she had been to the property on occasion. CT Page 3806
Lisa Koffman corroborated that the property was used as described above. She has never seen anyone other than her family or guests use the land although she has been at home as a housewife since August 1984.
Further corroboration of the nature and exclusivity of the Koffmans' use was provided by Patricia Curylo, an across the street neighbor since 1977. Ms. Curylo has a clear view of the property from her home.
On the other hand, Mrs. Barber testified that after purchasing the ancient roadway she used it often for access to the rear wood lot. She testified that whenever she did use the land to access her acreage she was with her husband. Mr. Barber, however, was not called as a witness by the defendants. The Court is entitled to infer that the unexplained failure to call Mr. Barber as a witness indicates that his testimony would have been unfavorable to the defendants' cause. Secondino v. New Haven Gas Co., 147 Conn. 672,675. Mrs. Barber conceded that any logging activity on her acreage was accessed from Slater Road, and there may have been years when she did not go on the property from Oakwood Lane.
Applying the rules of clear and convincing evidence to this case, the Court finds from the credible and corroborative testimony and exhibits, that the plaintiffs have for at least fifteen years used a strip of land twenty-five feet in width adjoining the westerly boundary of their property; and that said use was open, visible, exclusive and uninterrupted. That the plaintiffs' use of the property was under a claim of right; with the intent to use it as their own and without the consent of the owners.
Therefore, title to said twenty-five foot wide strip is quieted and settled in Robert Koffman and Lisa Koffman in accordance with plaintiffs' exhibit L.
Costs to be assessed against the defendants upon submission of a bill of costs.
Klaczak, J.