[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM de DEFENDANT'S MOTION TO DISMISS AND/OR STAY PROCEEDINGS (#103)
The defendant's motion to dismiss denies he was personally served with the plaintiffs summons and complaint.
The defendant bears the burden of disproving the truth of the sheriff's return. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53.
The defendant was not present at the hearing. There was no evidence that the defendant is a non-resident immune from process in any other civil action, Bailey v. Mansour,4 Conn. L. Rptr. 227 (June 26, 1991, Hennessey, J.). His attorney's claim that the defendant did not take the witness stand for fear of being served by a sheriff does not explain his absence and the court draws an adverse inference that he could not contradict the sheriff's return and the plaintiff's testimony, Secondino v. New Haven Gas Co., 147 Conn. 672, 675, cf. Practice Book 142, 144. The sheriff who made service was not called as a witness. A friend whose home was used for a meeting between the parties when service occurred was called as a witness. He did not see the entire episode. The plaintiff testified service in hand was made.
The defendant has not met his burden of proof. The motion to dismiss is denied. The defendant filed a complex motion also seeking a stay. That issue remains for another day.
The plaintiff's objection dated April 19, 1994 and sent to the undersigned judge's personal attention was forwarded, unread, to the clerk's office for filing, Practice Book 127.
HARRIGAN, J. CT Page 4121