[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an in rem proceeding to determine the disposition of $445.00 in U.S. currency and one 1988 Chevrolet "Custom 300" pickup truck, which were seized from the claimant, Donald R. Dick ("Dick") on December 23, 1992 by the West Hartford Police Department. The State of Connecticut contends that the currency is subject to forfeiture pursuant to Connecticut General Statutes ("C.G.S.") § 54-36h(a)(2) because it constitutes the proceeds of the sale or exchange of a controlled substance in violation of C.G.S. §§ 21a-277 or 21a-278. The State further alleges that the pickup truck should be forfeited because it was used, in violation of C.G.S. § 54-36h(a)(4), to commit or facilitate the commission of a violation for pecuniary gain of §§ 21a-277 or 21a-278. The claimant denies these allegations.
Having considered the entire record of the case, including the testimony presented at the trial of this matter, the pleadings, and arguments of counsel, this Court finds that CT Page 7597 the State has failed to prove by clear and convincing evidence that the $445.00 constitutes proceeds from the sale or exchange of narcotics in violation of C.G.S. §§ 21a-277 or21a-278 and will be returned to Mr. Dick. In addition, this Court finds that the 1988 Chevrolet "Custom 300" pickup was used to commit and facilitate the commission for pecuniary gain of the same narcotics statutes, and, accordingly, it will be forfeited to the State.
FACTS
The Court finds the following facts to be true:
Detective Jay L. St. Jacques of the West Hartford Police Department began investigating the claimant, Donald Dick, in October 1992 when he received informant information that Dick was a drug dealer who could obtain, with some prior notice, any street level amount of marihuana and cocaine. St. Jacques then arranged for the informant to make, under his supervision, four controlled purchases of cocaine from Dick.
The first purchase of cocaine from Dick occurred on November 14, 1992. St. Jacques met with the informant, had him[1] empty his pockets and searched him to insure that he did not have any narcotics or money in his possession. St. Jacques recorded the serial numbers of $80.00 in U.S. currency and gave it to the informant so that he could buy an "eightball" or 1/16 oz. of cocaine from Dick. Other police officers kept the informant under surveillance from the time St. Jacques gave him the money with which to purchase the cocaine until he arrived at a restaurant in West Hartford where the purchase was to occur.
At approximately 7:30 p. m., Dick arrived at the restaurant driving the 1988 Chevrolet pickup which is also the subject of this action. Dick was observed by the officers as he parked and exited the pickup, walked to the informant's vehicle, and got in. The informant and Dick remained in the car for approximately five minutes. Then, Dick left the informant's vehicle, got into the pickup and left. After Dick's departure, the officers met the informant, who had been in their sight during the entire transaction, and he gave them the cocaine he had received from Dick. St. Jacques field tested the substance which the informant had received from Dick and it tested positive for the presence of cocaine. CT Page 7598
The second controlled purchase by the informant of cocaine from Dick occurred on November 20, 1992. Using the same procedures previously used, the officers again gave the informant $80.00 to buy 1/16 oz. of cocaine. On this occasion, however, the controlled purchase occurred at Dick's residence in West Hartford.
On November 25, 1992, the informant made another controlled purchase of cocaine from Dick at a restaurant parking lot in West Hartford. The officers observed Dick drive in his Chevy pickup from his residence to the restaurant and meet the informant. On this occasion, the informant again gave Dick $80.00 for 1/16 oz. of cocaine.
The last purchase of cocaine by the informant from Dick occurred on December 17, 1992. Police officers watched as Dick drove his 1988 Chevy pickup from his home to the restaurant where he met the informant. This time, the informant paid Dick $90.00 for the cocaine.
After the controlled purchases of cocaine from Dick, officers of the West Hartford Police Department obtained a search warrant for Dick's person, his pickup truck and his residence located at 15 Selden Hill Drive. The warrant was executed on December 23, 1992. Seized from Dick's residence were drug paraphernalia, drug packaging materials, traces of marihuana and cocaine, inositol, a cocaine cutting agent, and other items related to drugs. No money was found at the residence. Cash in the amount of $445.00 was seized from "Dick's pants pockets. The officers checked the serial numbers of the bills to see if any matched the serial numbers of the money they had given the informant to purchase cocaine from Dick, but none matched.
While the officers had heard that Dick was in the siding business, they found no evidence to substantiate this fact when they searched his residence on December 23, 1992. However, the officers found tools in Dick's pickup, including one used in the siding business. No drugs, drug records or money were discovered in the pickup when it was searched.
Dick testified at the hearing that he had been self-employed for eight years prior to the seizure as a state licensed home improvement business. He produced a 1991 CT Page 7599 federal income tax return which reflected that he had earned $19,289.08 that year. Although he did not did not produce a tax return, he estimated that he earned about $15,000 in 1992. With respect to the pickup, Dick testified that he bought it in 1988 and financed it with a four-year loan.
DISCUSSION
 A. The $445.00 In United States Currency
The State contends that the $445.00 at issue in this case is subject to forfeiture under C.G.S. § 54-36h(a)(2). Section54-36h(a)(2) mandates the forfeiture of "[a]ll property constituting the proceeds obtained, directly or indirectly, from any sale or exchange of any such controlled substance in violation of section 21a-277 or 21a-278." In an in rem
forfeiture proceeding, the State bears the burden of proving all material facts by clear and convincing evidence. C.G.S. § 54-36h(b). The State satisfies the clear and convincing evidence standard when it presents evidence that "`induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist.'" State v.Davis, 229 Conn. 285, 294, n. 9, ___ A.2d ___ (1994) (citations omitted).
In the instant case, the State attempts to prove that the $445.00 was proceeds from drug dealing by showing that Dick and his live-in girlfriend, Paula Cochefski, did not earn enough legal income to pay rent and other living expenses. Dick testified that he paid $1,000.00 per month for rent and approximately $100.00 per month for utilities, but only earned an estimated $12,000.00 net per year in 1992. The State argues, therefore, that since Dick's legal income during the time prior to the seizure of the $445.00 was not sufficient to pay his living expenses, he must have had another source of income, which was from drug dealing.
Dick, on the other hand, testified that he had been self-employed for the eight years prior to the seizure as a state licensed home improvement business. He and Cochefski had lived together for about six years, prior to their separating two months after Dick's arrest. Cochefski worked two jobs and paid most of the rent. Dick claims that the $445.00 was part CT Page 7600 of a fee he had earned the Wednesday preceding the seizure. He had installed some trim around some windows and was paid $550.00 by check.
Dick did not call Cochefski to testify at the in rem
proceeding to corroborate his testimony that she paid for most of the rent at the residence and concerning her income. Consequently, the State requested that the Court draw aSecondino adverse inference regarding Dick's failure to call her as a witness. See, Secondino v. New Haven Gas Co.,147 Conn. 672, 675 (1960). The Secondino rule permits a trial court "to draw an adverse inference from a party's failure to call an available and presumably favorable witness." Gulackv. Gulack, 30 Conn. App. 305, 314, 620 A.2d 181 (1993) (citations omitted). However, where a witness is equally available to both parties, no adverse inference may be drawn.State v. Kish, 186 Conn. 757, 771, 443 A.2d 1274 (1982).Accord, State v. Annunziato, 169 Conn. 517, 536, 363 A.2d 1011
(1975).
In the instant case, the Secondino rule does not apply. Cochefski was equally available to the State, as well as to Dick. Cochefski was arrested with Dick by warrant by the West Hartford Police Department on January 2, 1993 and still lived in the area. Had the State wanted to rebut Dick's testimony regarding whether she paid the rent and other expenses, it could have called Cochefski as its witness. Accordingly, the Court will not infer that Cochefski's testimony would have been adverse to Dick.
Moreover, the State cannot support its burden of proof to establish that the $445.00 seized from Dick constitutes proceeds of the sale or exchange of drugs merely by showing that Dick could not reconcile his income with his rent and other living expenses. The State bears the burden of proof, not Dick. Section 54-36h, as a forfeiture statute, must be strictly construed. See, State v. Champagne, 206 Conn. 421,430, 538 A.2d 193 (1988). Therefore, the State must prove, by clear and convincing evidence, that the $445.00 is linked to activity proscribed by the statute, not merely to some illegal activity.
In the present case, the West Hartford Police Department made four controlled purchases of cocaine in "eightball" amounts, or 1/16 oz. each. Dick made $330.00 as a result of CT Page 7601 these transactions, which occurred within approximately a one month period of time. Six days after the last controlled purchase, the officers executed a search and seizure warrant for Dick's person, his pickup truck and his residence. The police found no drugs on Dick's person or in the pickup. Although drug residue was found at the residence, no large amounts of narcotics were found. No money was found in the truck or in the residence. Indeed, none of the bills the police seized from Dick matched the bills the police gave the informant for use in the controlled buys.
Under these circumstances, therefore, it does not appear that Dick was a major drug dealer with none or little legitimate source of support, from which it might be inferred that any cash he possessed would have to constitute drug proceeds. Given that $445.00 is a small amount of cash and Dick was self-employed in a legitimate business, the Court finds that the State has failed to prove, by clear and convincing evidence that the $445.00 found in Dick's pocket constitutes proceeds obtained directly or indirectly from the sale or exchange of controlled substances in violation of C.G.S. §§ 21a-277 or 21a-178. Accordingly, the $445.00 will be returned to Dick.
B. The 1988 Chevrolet "Custom 300" Pickup
The State contends that Dick's 1988 Chevrolet "Custom 300" pickup VIN #1GCHV33K8JJ121616 is subject to forfeiture under § 54-36h(a)(4). Section 54-36h(a)(4) provides for the forfeiture of "[a]ll property used or intended for use, in any manner or part, to commit or facilitate the commission of a violation for pecuniary gain of section 21a-277 or 21a-278." The State argues that Dick used the vehicle three times to facilitate the cocaine sales to the informant. On these occasions, police officers observed Dick driving his 1988 Chevrolet pickup truck to transport cocaine to the informant. Indeed, Dick admits that he used the vehicle in question to meet the informant to give him cocaine.
Nevertheless Dick contends that C.G.S. § 54-36h(a)(4) does not apply in this case because he did not give the informant cocaine "for pecuniary gain." Dick testified that he did not sell drugs for profit. Dick claims that he would split the cocaine with the informant by taking out a "pinch" for himself before giving the informant his share. CT Page 7602
Dick's claim to the contrary notwithstanding, when he drove to the restaurant to meet the information on November 14th, 17th, and 25th he already had the cocaine with him and he exchanged it for $250.00. That he may have obtained the cocaine on credit does not negate the fact that he had a pecuniary gain. Moreover, Dick admitted that the "pinch" he took for himself had a monetary value. Accordingly, the Court finds that the State has proven by clear and convincing evidence that Dick used his 1988 Chevrolet pickup truck to "commit or facilitate the commission of a violation for pecuniary gain of section 21a-297 or 21a-278."
CONCLUSION
With respect to the $445.00 seized from Dick's pocket on December 23, 1992, the Court finds that the State has failed to meet its burden of proving by clear and convincing evidence that this small amount of cash constitutes proceeds obtained directly or indirectly from the sale or exchange of controlled substances in violation of C.G.S. §§ 21a-277 or 21a-278. To be forfeited pursuant to C.G.S. 54-36h(a)(2), money must be linked, by clear and convincing evidence, to the sale of narcotics, not merely to some illegal activity. The State has failed to link the $445.00 at issue in this case to the activity proscribed by the statute. Accordingly, the Court hereby orders that the $445.00 be returned to Dick, forthwith.
With respect to the vehicle, the State has met its burden of proving that the 1988 Chevrolet "Custom 300" pickup also seized from Dick was property used or intended to be used to commit or facilitate the commission of a violation for pecuniary gain of sections 21a-277 or 21a-278 of the General Statutes. Dick transported cocaine in the vehicle on three occasions and sold the cocaine to the police informant for cash. Dick's actions, therefore, constituted a violations for pecuniary gain of these narcotics statutes. Accordingly, the Court hereby orders that the 1988 Chevrolet "Custom 300" pickup truck, VIN #1GCHV33K8JJ121616, is forfeited to the State of Connecticut in accordance with C.G.S. § 54-36h.
IT IS SO ORDERED.
Dated at Hartford, CT., this 26th day of July, 1994. CT Page 7603
BY THE COURT Espinosa, J.