[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:PLAINTIFFS' MOTION TO SET ASIDE VERDICT,FOR A NEW TRIAL OR FOR AN ADDITUR
The jury in this case returned a verdict on November 30, 1994 in the favor of the plaintiff, Pamela DiBartolomeo, in the total amount of $42,869.00. Of that sum $12,869.00 represented economic damages and $30,000.00 represented noneconomic damages. Also, on that date, the jury returned a verdict in which they awarded zero dollar damages to the plaintiff, Jerry DiBartolomeo, with respect to his claim for loss of consortium.
Each plaintiff, citing a number of grounds, has moved to set aside the verdict and order a new trial or, in the alternative, order an additur. The court believes that there are no grounds upon which to grant the plaintiffs' motions for the following reasons.
The plaintiff, Pamela DiBartolomeo, claims that there is no basis in the evidence to support the amount of economic damages awarded, which amount was less than those which she incurred, and claimed to have been a result of her injuries. The simple answer to this claim is that the jury was told that it should award damages for those expenses which were found to have resulted from injuries suffered in the accident in question and which were reasonable. The jury heard conflicting evidence as to the extent of her injuries and to what extent her ongoing medical treatment was reasonable and necessary. The jury was free to determine to CT Page 3 what extent it saw fit to award damages representing reasonable and necessary medical care and in this case had ample evidence before it to find as it did.
The plaintiff, Jerry DiBartolomeo, claims that the jury, on the basis of the evidence before it, could not have found that he did not prove damages for loss of consortium. After the jury was charged, the court supplemented its charge by telling the jury that if they found that Jerry DiBartolomeo had not prove his loss of consortium claim, it should award him zero dollar damages. Such instruction was not excepted to and indeed, the court was of the impression that such was done without objection in lieu of submitting a defendant's verdict form on that claim. Clearly, the jury was free to disbelieve the testimony presented with regard to loss of consortium, particularly in light of the evidence elicited which included testimony that Jerry DiBartolomeo himself suffered from physical limitations as a result of personal injuries.
The plaintiff claims that the court should have charged the jury pursuant to Secondino v. New Haven Gas Co., 147 Conn. 672
(1960), since the defendant, Linwood Hill, was not present at the trial and, accordingly, did not testify. The plaintiffs claim that the Secondino rule applies even though this was a hearing in damages since the issue was presented as to the nature of the impact. Without passing thereon, the plaintiffs were not entitled to a Secondino charge since they did not satisfy their burden of establishing Mr. Hill's availability to be present in court. SeeShelnitz v. Greenberg, 200 Conn. 58, 74-76 (1986).
Finally, the court finds no merit to the plaintiff's claim that they should have been allowed to present to the jury the prior answers denying liability as bearing upon the credibility of the defendants' expert witnesses.
The plaintiffs' motions are accordingly denied.
Thompson, J.