[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT
The plaintiff moves to set aside the verdict rendered by the jury in favor of the defendant on January 11, 1996. The evidence discloses that the plaintiff sustained injuries in a one car accident in which the vehicle in question struck a cement bridge abutment. The occupants of the vehicle were the defendant and plaintiff and the parties were at issue as to who was the operator and who was the passenger at the time of the accident.
The court instructed the jury in its charge as follows:
 "Ladies and gentlemen, in determining whether the plaintiff is entitled to recover damages in this case, you must first determine whether the defendant was or was not the operator of the automobile at the time it left the traveled portion of the highway and collided with the bridge abutment. If you find that the defendant was the operator of the vehicle, you should then go on to consider whether she was negligent in one or more of the ways claimed by the plaintiff in his complaint, and if you find her negligent, you would then go on to consider the question of money damages to be awarded to the plaintiff.
 If, however, you were to find that the plaintiff was the operator of the car when it struck the bridge abutment, this would end your deliberations and your; verdict must be for the defendants."
The evidence disclosed and the jury could have found that both the plaintiff and the defendant consumed a large amount of alcohol throughout the hours immediately preceding the accident. The defendant was found in a semi-conscious condition in the passenger seat of the vehicle, a model having bucket seats and a center console between the seats. The vehicle's passenger door was inoperable and in its closed position. Thus, the jury had compelling evidence from which to find that the plaintiff and not the defendant was the operator.
The court refused to charge on the adverse inference or Secondino rule which plaintiff's counsel had orally requested and to which refusal plaintiff duly excepted. The witness in question was identified by plaintiff as Lisa Morgan Jones who defendant had identified as having been present during certain conversations, the content of which, were damaging to the plaintiff's credibility. There are two requirements for the operation of the rule: (1) the witness must be available; and (2) he or she must be a witness whom the party would naturally produce. Secondino v. New Haven Gas Co.,
CT Page 1357-S147 Conn. 672, 675 (1960). "A witness who could naturally be produced by a party is one who . . . could reasonably be expected to have peculiar orsuperior information material to the case which, if favorable, the party would produce." (Emphasis added). Supra at 675.
It is incumbent upon the party seeking the adverse inference to fairly establish the availability of the witness. "The rationale for this requirement is that it would be fundamentally unfair to penalize, by an adverse inference, a party for failing to produce a witness whom the party was unable to produce." Hine's v. St. Vincent's Medical Center,232 Conn. 632, 643 (1995).
Here, the only evidence as to availability was the defendant's testimony that, when last she knew, the witness lived somewhere in Hartford. Such testimony falls far short of establishing the witness' availability at the time of trial.
Furthermore, there was no showing by the plaintiff that the witness in question had "peculiar or superior" information favorable to the defendant, and would therefore be naturally produced by the defendant.
Finally, plaintiff claims that the court should have declared a mistrial when defendant's counsel stated in closing argument that the plaintiff committed a felony by cheating on his income tax. The court chastised counsel immediately in front of the jury and instructed the jury to disregard counsel's remark. Whether or not to declare a mistrial, particularly after the close of evidence and during argument, is solely within the discretion of the trial court. The court does not believe that it abused its discretion in denying the plaintiff's motion for mistrial.
The jury had ample evidence on which to base its verdict for the defendant. The court will not disturb the jury's verdict.
Skolnick, J.