STATE OF CONNECTICUT *v.* SOLOMON BARNES
(AC 16241)

Schaller, Hennessy and Spallone, Js.

Argued December 8, 1997—officially released February 10, 1998

*Norman A. Pattis*, special public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Roger Dobris*, assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. In this appeal from his conviction of possession of cocaine in violation of General Statutes

§ 21a-279 (a), the defendant claims that the trial court improperly (1) declined to give a *Secondino*[1] charge where the state failed to call one of the two police officers who allegedly had witnessed the defendant holding illegal narcotics and (2) allowed into evidence narcotics seized from the defendant absent an adequate showing of chain of custody.

The defendant was tried by a jury and acquitted of the crimes of possession of cocaine with intent to sell by a person who is not drug-dependent and possession of cocaine within 1500 feet of a school in violation of General Statutes § § 21a-278 (b) and 21a-278a (b). The jury convicted the defendant on the lesser included offense of possession of cocaine in violation of § 21a-279 (a).

From the evidence adduced at trial and from all reasonable inferences to be drawn therefrom, the jury reasonably could have found the following facts. Early in the evening of June 25, 1995, New Haven police officers Peter Carusone and Andrew Muro, a drug interdiction team, were patrolling the Newhallville section of the city, which was plagued with high levels of drug activity. In the vicinity of several abandoned, boarded-up multi-family houses, certain suspicious activities led them to leave their cruiser and enter one of the buildings. There they surprised the defendant who was standing inside the entrance. The defendant was holding a clear plastic bag that held a large number of smaller bags of what appeared to be crack cocaine packaged for sale. The defendant was holding the bag in one hand and reaching into it with the other hand. The defendant, upon spotting the police, said, "Oh shit." Both officers seized the defendant. Carusone grabbed one of the defendant's arms, and Muro grabbed the other arm while taking the plastic bag from the defendant. The officers arrested

---

[1] *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960).

and searched the defendant. The defendant had a roll of small bills totaling $162 in his pocket. The bag contained fifty-three small bags of crack cocaine that totaled 1.2 grams.

Both Muro and Carusone testified at a pretrial suppression hearing. The officers' testimony regarding the incident was identical in all significant aspects and closely matched the testimony that Carusone later delivered at trial.

The prosecution did not present Muro as a witness at trial. The defendant requested, pursuant to *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960), that the trial court instruct the jury that it could draw an adverse inference from the failure of the state to call Muro to testify at trial.

Two threshold criteria must be fulfilled before a party is entitled to a *Secondino* charge: (1) the witness must be available and (2) the witness is one whom the party would naturally produce. The party claiming the benefit of the *Secondino* rule must show that he or she is entitled to it. *State* v. *Carrione*, 188 Conn. 681, 688, 453 A.2d 1137 (1982), cert. denied, 460 U.S. 1084, 103 S. Ct. 1775, 76 L. Ed. 2d 347 (1983). "A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." *Secondino* v. *New Haven Gas Co.*, supra, 147 Conn. 675. Where the testimony of the uncalled witness would be "comparatively unimportant, cumulative or inferior to what has been offered, [the witness] should be dispensed with on the general ground of expense and inconvenience . . ."; *State* v. *Carrione*, supra, 188 Conn. 688; *State* v. *Williams*, 20 Conn. App. 263, 266,

565 A.2d 1365 (1989); without the need for an adverse charge.

Appellate courts will not disturb a trial court's *Secondino* ruling absent a clear abuse of the trial court's discretion. See *State* v. *Grant*, 221 Conn. 93, 106, 602 A.2d 581 (1992). In reviewing claims that the trial court abused its discretion, great weight is attached to the trial court's decision and every reasonable presumption is given in favor of its correctness. *State* v. *Beckenbach*, 198 Conn. 43, 47, 501 A.2d 752 (1985).

The trial court properly declined to issue the missing witness instruction described in *Secondino*. The trial court found that although Muro was "available" within the contemplation of *Secondino*, he was not a witness that the prosecution would naturally produce because, given his testimony at the suppression hearing, his trial testimony would be virtually identical to and therefore cumulative of that of Carusone. The trial court did not improperly refuse to give the jury a missing witness instruction.

The defendant further claims that the court improperly admitted evidence because the prosecution had not established a chain of custody for a six month interval between the laboratory's receipt of the narcotics and the analysis of the sample. That claim is without merit.

At trial, the state offered as evidence the narcotics seized from the defendant at the time of his arrest. In support of its proffer, the prosecution relied on the expert testimony of Richard Pinder, the director of the department of health toxicology laboratory. Pinder testified that the laboratory records show that the laboratory received the narcotics on June 29, 1995. The evidence was in a plastic container that bore the number 95-6-9376, which had been assigned to it by laboratory personnel. The container also bore an evidence seal

with the date on which the test results were submitted, January 22, 1996, and with Pinder's signature. Carusone also testified, verifying that the narcotics offered into evidence were the same cache of crack cocaine Muro had seized from the defendant.

Appellate courts grant great deference to a trial court's ruling on the admissibility of evidence; *State* v. *Barnes*, 27 Conn. App. 713, 717, 610 A.2d 689, cert. denied, 223 Conn. 914, 614 A.2d 826 (1992); and will not disturb such rulings absent a clear abuse of the trial court's discretion. Id. "As a general rule, it may be said that the prosecution is not required or compelled to prove each and every circumstance in the chain of custody beyond a reasonable doubt; the reasonable doubt must be to the whole evidence and not to a particular fact in the case." *State* v. *Johnson*, 162 Conn. 215, 232, 292 A.2d 903 (1972). "It is not necessary for every person who handled the item to testify in order to establish the chain of custody. It is sufficient if the chain of custody is established with reasonable certainty to eliminate the likelihood of mistake or alteration." *State* v. *Rumore*, 28 Conn. App. 402, 410, 613 A.2d 1328, cert. denied, 224 Conn. 906, 615 A.2d 1049 (1992).

Carusone, at the trial, identified the narcotics as those seen by him. His certitude, prior knowledge and intimacy with the evidence, standing alone, provided an adequate basis for admitting the evidence as unchanged and untampered with. See *State* v. *Taylor*, 37 Conn. App. 464, 480–82, 657 A.2d 659, cert. denied, 234 Conn. 907, 660 A.2d 859 (1995).

The testimony elicited from Pinder demonstrated an adequate and secure chain of custody. Muro, in the presence of Carusone, seized the evidence. Detective Mark Corporale hand delivered the evidence to the laboratory, where it was received by laboratory technician

Nina Joseph. Pinder signed and dated the evidence container.

Our appellate courts have dealt with inadequate chain of custody claims and those decisions are dispositive of the claim in this case. In *State* v. *Johnson,* supra, 162 Conn. 229–31, the court noted that there was evidence sufficient to establish an adequate chain of custody including, as in this case, testimony showing the transfer of evidence among various law enforcement personnel, the delivery and transfer of evidence to the state laboratory, its receipt at the laboratory, the assignment of a laboratory number to evidence and the marking on the evidence, and testimony from the officers who had obtained the evidence, identifying it as the same evidence in an unchanged condition with no indication of tampering that was seized from the defendant. The court expressly noted that "[i]n the case at bar there was no affirmative showing that the three glassine bags in the shoe box were tampered with, or that there was insufficient proof as to the identification and nature of the contents of the three bags that were seized, so that it cannot be said that the trial judge clearly abused his discretion in admitting the three bags in evidence." Id., 233.

In *State* v. *Burns,* 23 Conn. App. 602, 615, 583 A.2d 1296 (1990), this court concluded that "[n]o evidence was presented indicating that the evidence in this case was tampered with. The court was well within the limits of its discretion in reasonably concluding that the evidence was not tampered with, either during transportation or while at the state lab where it would be highly unlikely that 'intermeddlers' would tamper with the evidence."

In essence, our appellate courts have held, and we hold here, that mere gaps of time between the various steps in seizing, transporting, delivering, storing and

analyzing the evidence, in the absence of an affirmative showing that the evidence was in some way tampered with, misplaced, mislabeled or otherwise mishandled, are insufficient to establish abuse of the court's discretion in admitting the evidence. The trial court properly admitted the evidence contested here.

In sum, given the facts and circumstances in this case, the trial court, in refusing to give the jury a *Secondino* charge and in admitting the evidence, acted properly, legally and in accordance with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.

