[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Jose Hernandez appeals the decision of the defendant commissioner of the department of public health (commissioner) suspending his authorization as a vendor in the federal Special Supplemental Food Program for Women, Infants and Children (WIC Program) for a period of three years. The commissioner administers the WIC program as authorized under General Statutes § 19a-59. The plaintiff Jose Hernandez owns and operates Bayamon Grocery in New Britain, Connecticut.
The plaintiff claims that the commissioner acted unreasonably, arbitrarily, illegally or in abuse of his CT Page 4851 discretion when the hearing officer accepted hearsay testimony and rejected the plaintiff's testimony without justification. The court must reject this argument for the reasons set forth below.
This appeal is governed by Connecticut's Uniform Administrative Procedure Act, (UAPA), specifically General Statutes § 4-183 (j), which in part provides:
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law, (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Our Appellate Courts have interpreted General Statutes § 4-183 (j) to limit the scope of this court's review.
 Judicial review of [an administrative agency's action] is governed by the Uniform Administrative Procedures Act (General Statutes c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion.
(Citations and internal quotation marks omitted.) Board of Educationv. Freedom of Information Commission, 208 Conn. 442, 452 (1988); Joyellv. Commissioner of Education, 45 Conn. App. 476, 488-89, cert. denied,243 Conn. 910 (1997).
The commissioner's actions in this matter are governed by regulations promulgated pursuant to General Statutes § 19a-59c
and 7 C.F.R. § 246.12 and 246.18. Under that authority, the commissioner enters into agreements with retail markets like the plaintiff so that they become authorized vendors in the WIC program. The commissioner provides training to the vendors to prevent errors or abuse and to improve service. 7 C.F.R. § 246.12 (f) and (g). The participants in the WIC program use WIC CT Page 4852 vouchers to purchase approved food items from the authorized vendors. The vendors then receive cash from the government upon depositing these vouchers. The federal and state regulations also set forth procedures for monitoring and sanctioning vendors who abuse the program. Conn. State Agency Regs. § 19a-59c-6;7 C.F.R. § 246.12 (i) and (k).
In this matter, the plaintiff was sent a notice of disqualification from the state WIC director on March 31, 1995. The disqualification was based upon two violations of charging the WIC program more than the cost of the items actually purchased. (Return of Record (ROR) 52.)[1] The plaintiff requested a hearing to appeal the disqualification action.
The hearing took place on June 22, 1995. The hearing officer allowed into evidence two compliance reports despite objections by plaintiff's counsel that the documents were hearsay. The plaintiff testified at the hearing. There were no other witnesses. On May 16, 1996, the hearing officer issued a proposed memorandum or decision. On July 22, 1996, oral argument took place before another hearing officer. (ROR, p. 2.) On August 9, 1996, the commissioner adopted the proposed decision and affirmed the WIC Program's disqualification of the plaintiff. The final decision was mailed on August 12, 1996. In the proposed decision the hearing officer made the following findings:
 3. By policy and the terms of the Vendor Agreement, the appellant is responsible for the following: 1) entering the purchase price on a WIC check at the time of the purchase; 2) checking the WIC program identification card or folder and signature at the time of a purchase; and, 3) not charging the WIC program more for WIC foods than the lesser of the shelf or sale price at the time of purchase
 4. The compliance purchase reports contained in the record are reliable and probative evidence of violations of the WIC vendor agreement. Appellant denied the violations and disputed the description of the clerk which is found in the two compliance purchase reports. (Tr. pp. 8-9) Appellant was not present during the two compliance purchases. He testified that on November 26, 1994 and November 29, 1994, he was out of the country. He left a cousin in charge of the store during his absence. (Tr. pp. 11-12) The checks used by the compliance investigator were stamped with the WIC stamp issued to the appellant. These checks were redeemed by the appellant. (H.O. Ex. 2) Therefore, the CT Page 4853 transactions that formed the basis of the compliance purchase reports took place in the appellant's store on November 26, 1994 and November 29, 1994.
 5. By policy and terms of the WIC Vendor Agreement, appellant is responsible for the actions of all of his employees.
 6. By policy and terms of the Vendor Agreement, the awarding of at least 25 sanction points will result in a three (3) year disqualification from the WIC program.
 7. With regards to this case, the WIC program acted in accordance with the WIC State Plan, Federal and State Regulations and the WIC Vendor Agreement.
The plaintiff filed this timely appeal on September 25, 1996, raising the single issue of the reliance on hearsay evidence. SeeCollins v. Goldberg, 28 Conn. App. 733, 738 (1992). On April 8, 1997, the court (Maloney, J.) denied the commissioner's motion to dismiss. The commissioner raises the issue of subject matter jurisdiction against its brief on the merits.
While this court does not adopt the underlying reasoning of that decision, it agrees with the result for the reasons stated in Almonte v. Richard Blumenthal, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 572948 (November 21, 1997). See Stevens v. Hartford Accident IndemnityCo., 39 Conn. App. 429, 437-438 (discussion of law of the case as a flexible principle). Accordingly, the court rejects the defendant's jurisdictional claim.
As to the merits, the plaintiff argues that the hearing officer improperly relied on the compliance reports and failed to consider the plaintiff's testimony. It is established by statute and caselaw that the hearing officer may rely on hearsay evidence that is reliable and probative. General Statutes § 4-178;Jutkowitz v. Department of Health Services, 220 Conn. 86, 108-09
(1991). The crux of the plaintiff's claim that the reports were unreliable is that the reports describe the plaintiff s employee who conducted the two transactions as "Indian." The plaintiff testified that he only hires employees of Santo Dominican origin. Nevertheless, the hearing officer could have found the plaintiff's testimony credible without rejecting the compliance reports as unreliable since there was other corroborative evidence and since the plaintiff testified that he was not in the CT Page 4854 country when the incidents took place. As noted by the hearing officer, the evidence also included the plaintiff's WIC stamp on the checks used by the compliance investigator and redeemed by the plaintiff.
If the plaintiff believed that the description "Indian" would necessarily eliminate any of the plaintiff's employees, he was informed by notices dated April 20, 1995 and May 11, 1995,[2]
and was provided with the opportunity to subpoena the compliance investigator prior to the hearing. (ROR, p. 14); 7 C.F.R. § 246.18
(b)(5). He did not take advantage of this opportunity. Finally, the plaintiff claims that the hearing officer should have drawn an unfavorable inference from the department's failure to produce the compliance investigator under Secondino v. NewHaven Gas Co., 147 Conn. 672, 679 (1960). The court finds no merit in this claim for the reasons set forth above and since administrative agency decisions are not bound by strict rules of evidence Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536 (1987).
The hearing officer's reliance upon the hearsay evidence was not arbitrary, capricious or an abuse of discretion. Accordingly, the court affirms the commissioner's decision.
The appeal is dismissed.
DiPentima, J.